## Wenzel et al v. Kempmeier et al.

1. **Highway**: NON USER: ADVERSE POSSESSION.  Where the owner of enclosed land gave his written consent to the opening of a public highway across the same, it was held that such highway might be legally opened after the lapse of fourteen years, during the last seven of which the land had been owned by other parties, there being evidence tending to show that the public had never abandoned its right in the road.

*Appeal from Des Moines Circuit Court.*

WEDNESDAY, APRIL 7.

THE defendant E. Kempmeier as road supervisor, and his co-defendant L. A. Spelmier as assistant, entered upon the plaintiffs' premises and took down the fence for the purpose of opening what they claimed was an established highway. The plaintiffs deny the existence of such highway, and aver that the defendants entered without right; and they bring this action to recover the damages sustained by them, by reason of the alleged wrongful act of the defendants. There was a trial by jury, and a verdict and judgment were rendered for the defendants. The plaintiffs appeal.

*Bremmerman & Rohde* and *J. J. Surley*, for appellants

*Hall & Huston* and *Blake & Hammack*, for appellees.

ADAMS, CH. J.—The land was formerly owned by one Bersener. In 1863, and while he was the owner, he gave his written consent to the establishment of the highway in question, and it was accordingly established. It was not, however, opened until the acts complained of, in August, 1877. The land was fenced and constituted a part of Bersener's farm until he sold it to the plaintiffs in 1870. After the land was sold to plaintiffs the fence was maintained until taken down by the defendants, for the purpose of opening the road. In the meantime the

1. HIGHWAY: non user: adverse possession.

travel had gone a little south of this land, and through a certain stream which could be crossed by fording at the point where the travel did cross it, but which could be crossed only by building a bridge where the established road crossed it. The road was opened with the view of building the bridge.

Notwithstanding fourteen years had elapsed, between the time the road was established and the time it was opened, we do not think that the public had lost its rights. During the first seven years the land was owned and occupied by the person who had given his written consent to the establishment of the road. It cannot be said that he commenced holding forthwith under a claim that the public had abandoned its rights, and we see nothing to indicate that he so held at any time. The fact that the travel had been diverted to find a fording place would indicate that it was a temporary shift resorted to in the absence of a bridge in the road as established, and we think that it must have been so considered. The instructions given are in harmony with the views which we have expressed, and those asked by the plaintiffs and refused are not. We think there was no error.

AFFIRMED.