LUCY HEMPSTED, Appellant, v. J. M. HUFFMAN, Appellee.

Public Highway: ADVERSE POSSESSION: EVIDENCE. Where the owner of land, over which a public highway had been established, continued his fence as before along the middle line of said highway for thirteen years, but, in breaking said land, and in planting a grove of trees thereon, left a space along the line of said highway about the width of his part of the road, and declared to others that he did so because there was a public road along that line of his land; and, in building a fence across such portion of the road, made it movable so that it could be opened and closed by travelers; *held,* that there was not such an adverse possession of the road as would support a claim of title by prescription.

*Appeal from Johnson District Court.*—HON. S. H. FAIRALL, Judge.

FRIDAY, JANUARY 29, 1893.

THIS is a suit in equity by which the plaintiff seeks to enjoin and prevent the defendant, who is a road supervisor, from removing a fence and other obstructions on and near the lines of the plaintiff's farm; the

claim of the defendant being that said fence and obstructions are in a public highway. There was a temporary injunction issued, and upon a full hearing on the merits the injunction was dissolved, and the petition dismissed. The plaintiff appeals.—*Affirmed.*

*Baker & Ball*, for appellant.

*Milton Remley*, for appellee.

ROTHROCK, J.—The plaintiff is the owner of the northeast quarter of section twenty-two in a certain township in Johnson county. On the seventeenth day of March, 1856, a public highway sixty-six feet wide was legally established under the name of the "Morse road." Its beginning was several miles north of the plaintiff's farm, and its course was south through the center of several sections of land, and through the center of the section of which the plaintiff's farm is a part. This location of the road appropriated thirty-three feet of the plaintiff's land on its west line. The road terminated at the south line of that section, where it connected with another public road, which was laid out and traveled along the south line of the section. There was another public road along the north line of the section. Another road was laid out diagonally, and in a general south-west course, over the west half of the section. The west eighty acres of the plaintiff's farm was owned by F. W. Hempsted, and he obtained title thereto about the year 1854, and before the said road was located. He owned the land until March, 1869, when he conveyed it to his son, J. W. Hempsted, who conveyed it to C. C. Landt in September, 1871; and on March 24, 1882, Landt conveyed it to the plaintiff.

It is claimed on behalf of the plaintiff that, although the road was lawfully established, yet that the right of the public to open and travel it has been lost by reason of the adverse possession of the same by the plaintiff and her grantors. This is the only question in the

case, and it must be determined by a preponderance of the evidence. The plaintiff, in argument, claims that the prescriptive right by adverse possession became complete and effective, as between the owner and the public, during the time that the land was owned by F. W. Hempsted, which was for a period of thirteen years after the alleged road was established. If there was any adverse possession, it was during that time; for the evidence shows without dispute that during more than ten years, in which the land was owned by Landt, he acknowledged the existence of the road,. and instructed his tenants to recognize it as a public road.

We will recite the facts which we believe to be established by a preponderance of the evidence upon the question of the possession of the road: The land was fenced before the road was laid out. Bars were made in the fence at the northwest corner on the land, where the road entered upon the section. The fence on the line of road, as afterwards established, was built on or near the line of the plaintiff's land. This was the possession held by Hempsted when the road was established. After that time, Hempsted had the land on the west line broken and put under cultivation. He did not break up to the line, but left a strip along the fence of about the width of his part of the road. Later he planted a grove of trees on the northwest corner of the land, but left a space along the line. A gateway or bars was erected at the southwest corner of the land on the line of the road. He built a fence east and west across the land, and, where it connected with the fence on the north and south line, it was movable. so that it could be opened and closed by travelers. There was more or less travel over the road during all the time it was owned by F. W. Hempsted. He declared to others that he did not break the land up to the line, and did not extend his grove to the line, because there was a public road along the line. During all the time from the location and establishment of the road up to the

time it was conveyed by Landt to the plaintiff, there was more or less travel over the road. It is true the travel was not over the exact line of road at all points for all the time, but it was substantially on the line. The travel was sufficient to show that the road was used by driving wagons thereon. No one was forbidden by Hempsted from traveling the road, and the only obstruction was that it required the removal of bars in the fences by those who traveled the road. These are about the facts which we find established by the evidence.

It appears to us that there is no ground upon which it can be justly claimed that the possession was adverse. There was no assertion of right on the part of Hempsted. The meaning of "adverse possession" is well understood. It must be actual, continuous, visible, notorious, distinct and hostile, and under claim of right or color of title. *Robinson v. Lake*, 14 Iowa, 421; *Booth v. Small*, 25 Iowa, 177; *Grube v. Wells*, 34 Iowa, 148. Hempsted's possession was not only not hostile and under claim of right, but the facts show that it was subservient to, and all the time in distinct recognition of, the right of the public, through its officers, to remove all obstructions from the road.

The decree of the district court is AFFIRMED.