WILLIAM BRADLEY, by his Executors, J. A. and D. C. Bradley, Appellants, v. APPANOOSE COUNTY, et al.

**Highway:** ABANDONMENT: *Estoppel.* Non-user will not operate to discontinue a lawfully established highway unless accompanied
1 by such long continued adverse possession or transfer of the land by purchase and sale as to demand that the public should be estopped from asserting the right to reopen it.

SAME. One who has agreed that a highway which he has fenced up
2 and cultivated may be reopened is estopped from asserting any right to the land, where public expenditures have been made upon it in reliance on such agreement.

*Appeal from Appanoose District Court.*—HON. ROBERT SLOAN, Judge.

TUESDAY, OCTOBER 4, 1898.

SUIT in equity to enjoin defendants from opening up a road through land belonging to the decedent. Defense, a general denial, and a plea of estoppel. Decree dismissing the petition, and plaintiffs appeal.—*Affirmed.*

*C. F. Howell* for appellants.

*Baker & Moore* and *J. M. Wilson* for appellee.

DEEMER, C. J.—William Bradley commenced this suit to enjoin defendants from opening up and improving a highway running through his land, which was duly established by act of the legislature in the year 1847. After the suit was commenced, Bradley died, and his executors were substituted as parties plaintiff. The appeal is from the order dismissing plaintiff's petition, and the two propositions relied upon for reversal are: *First,* that the highway, while duly established, has been abandoned; and, *second,* that appellants have gained title thereto by adverse possession.

As the highway was duly established, the burden of showing adverse possession or abandonment is upon the plaintiffs. In what follows it must not be understood that we are announcing the doctrine that ten years' adverse user will of itself defeat a regularly established public road, for we have distinctly held in many cases that as a general rule mere non-user will not operate to defeat public rights. In other cases we have said, however, that where there has been non-user, and private rights have been acquired by long-continued adverse possession and consequent transfer of the lands, the public will be estopped from asserting the right to open the highway. The road in question has not been used to any great extent since it was established by the legislature. For a considerable period of time, when the country was new, and the lands unfenced, the public traveled along or near the established road, departing from the lines of the highway, and passing over the ground which was the more easily traveled by reason of its contour; but no work was done upon it except to build one bridge, and partially erect another. Finally, the travel seemed to concentrate upon a line running north and west from the highway in question, to a ford crossing a creek which intersects the highway. A bridge was afterwards built over the creek, at or near the ford; and the public crossed this bridge, and diverting their course to the southwest, came again upon the established road. The road in question has not been used except as stated, since it was first established; but, as we have seen, mere non-user will not operate to discontinue a legally established highway, unless there has been such long-continued adverse possession or transfer of the lands by purchase and sale as that justice demands the public should be estopped from asserting the right to open it up.

The evidence as to adverse possession is in hopeless conflict. But we are constrained to hold that plaintiffs have

failed to establish adverse user for the time required by statute. Decedent's grantor recognized the existence of the highway, and fenced with reference thereto.

True it is that soon after Bradley purchased he fenced up the road and cultivated the ground upon which it is located. But this was done within the ten years just prior to the commencement of this suit. Moreover, the deceased recognized the existence of the highway shortly before he brought this action, and agreed that it might be opened and improved. On the strength of this agreement, the county commenced grading the road, and had expended more than seventy-five dollars in the erection of a bridge, across the stream of which we have spoken in the line of the established road, before this action was commenced, and, but for the issuance of a temporary writ of injunction, would have had the road in condition for public travel. As this expenditure was made upon the faith of Bradley's agreement not to oppose the opening of the road, his executors should not now be permitted to stop the work, and render unfruitful the expenditure of the money. They are clearly estopped from asserting any rights in or to the established highway. The decree of the district court is right, and it is AFFIRMED.