LAVINIA BANNISTER, Appellant, v. T. O'CONNOR, Road
Supervisor.

Public Roads: ESTOPPEL OF PUBLIC TO CLAIM. The public is not
estopped to claim a road as laid out, by a landowner fencing
it into his land for four or five years, where he leaves a gate
or bars for the public to pass through.

SAME. Where land is open, and travel free to go where it may,
failure to use a road exactly as laid out, for more than ten
years will not estop the public from claiming the road as es-
tablished.

NOTICE OF ROAD: *Innocent purchaser.* One purchasing land with
knowledge of public travel across it, and who puts up a gate
and bars in fencing it, to accommodate such travel, is not a
purchaser without notice of the existence of the road; and this,
though the gate and bars were placed at points on an old road,
and not on the road as surveyed and established by law, the
two roads practically coinciding.

*Appeal from Wapello District Court.*—HON. F. W. EICH-
ELBERGER, Judge.

FRIDAY, APRIL 12, 1901.

ACTION to enjoin defendant, who is a road supervisor,
from opening to public travel a road which passes through
plaintiff's premises. The action was originally brought by
plaintiff's husband, who died, whereupon she, as his sole de-
visee, was substituted in his stead. From a decree dismiss-
ing the petition, plaintiff appeals.—*Affirmed.*

*McElroy & McElroy* for appellant.

*Steck & Smith* for appellee.

WATERMAN, J.—Plaintiff is the owner of the northwest
fractional ¼ of the northeast ¼ of section 3, township 71,
range 13 west, in Wapello county. In 1857 a road was
surveyed and established through this land, although
some of the points and courses given in the field notes
are incorrect. After the road was thus established
it was traveled down to the time when it was closed by plain-
tiff's husband, in 1891 or 1892. He became the owner of
this land which then lay open in December, 1883. It was
not fenced by him until 1886, and after so fencing it he
left a gate at one side, and bars at the other, through which
persons using the road could pass. In 1891 or 1892 the
gate was locked, and public travel was first prevented. In
November, 1895, a resurvey of the road was made by order of
the board of supervisors, because of the defective field notes
mentioned. In the resurvey, starting with one clearly iden-
tified point in the original field notes, and, as the surveyor
who did the work says, "by assuming the magnetic variation
was given, instead of the true—and I think that was custom-
ary in those days"—the road was found to correspond very
nearly with the old traveled track. Sometimes the traveled
way was on one side, and sometimes on the other, of the

line laid out, but never further from it than could be readily accounted for by the fact that the old track was unfenced and unworked. It is claimed by plaintiff that her husband purchased without notice of the existence of this road, but this is not sustained by the facts. He knew of public travel across his land, and when he fenced this tract made provision for accomodating it. It is said by appellant that the gate and bars were not placed on the Gadd road, which was the one originally surveyed, but at points on the road traveled by the public which had been used before the Gadd road was established. This we take to be immaterial; for, through plaintiff's land, at least, the old traveled track and the Gadd road practically coincided. The failure to use the Gadd road, exactly as laid out, for more than ten years, will not estop the public. *Davies v. Huebner,* 45 Iowa, 574. In the present case, as in that, the land was open, and travel free to go where it would. Nor will the act of plaintiff's devisor in fencing his land affect the matter, so long as he left a gate or bars for the public to pass through. *Hempsted v. Huffman,* 84 Iowa, 398. After the gate was locked by plaintiff, but four or five years elapsed before the public right was asserted and this action brought. Plaintiff attempts to distinguish these cases on the ground that in each of them the road was established and recorded. As we have already attempted to show, the testimony justifies the finding of a like condition in the case at bar. The decree of the trial court is supported by the law and the facts, and it is AFFIRMED.