I. P. HATCH, Appellee, v. W. BARNES, Road Supervisor,
Appellant.

**Highways: ESTABLISHMENT: ABANDONMENT: INJUNCTION.** A gen-
1 eral order by a board of supervisors for the opening of highways
along all section lines in the county, with notice simply "to whom
it may concern," is insufficient, but if this be not so, the evidence in
the case is sufficient to show an abandonment of the particular
highway, and to sustain an order restraining the opening of the
same.

**Legalizing act:** EFFECT. A legalizing act for the purpose of curing
2  a defect in proceedings for the establishment of a highway, will not
   have that effect, where there has been an abandonment of the high-
   way and an establishment of adverse rights prior to the enactment.

*Appeal from Lyon District Court.*— HON. F. R. GAYNOR,
Judge.

### TUESDAY, JUNE 7, 1904.

SUIT in equity to enjoin defendant, who is a road super-
visor, from opening a highway through plaintiff's land.
The trial court granted the relief asked, and defendant
appeals.— *Affirmed.*

*Simon Fisher,* for appellant.

*Parsons & Riniker,* for appellee.

DEEMER, C. J.— In the year 1874 the board of super-
visors of Lyon County, Iowa, undertook to establish high-
ways on every section line in said county, except a few not
necessary to be here mentioned. The order was an omnibus
one, and the only notice of the establishment thereof was a
published one, which was also omnibus in character, and
directed simply to " whom it might concern." The alleged
highway is between sections 28 and 29 and sections 32 and
33. Defendant claims that there is a highway there, pur-
suant to the general order to which we have referred, and
to a legalizing act passed by the Legislature, known as chap-
ter 233, paragraph 184, Acts 29th General Assembly, which
undertook to cure all defects in the establishment of high-
ways, pursuant to the general order hereinbefore referred
to, and to make said highways legal in every respect. Plain-
tiff contends that the defective highways established pur-
suant to the general omnibus order were, or at least the one
in question was, abandoned by the county authorities; that
it was never open to public travel, and that no work was

ever done thereon; that he and his grantors have paid taxes on the property now claimed as a highway, and have fenced, improved, and otherwise used the same as part of the lands embraced in the governmental subdivisions; that the lands have been sold and transferred without reference to there being highways on the section lines; and that he (plaintiff) is an innocent purchaser of the lands, without notice of there being any highways on the section lines. He also contends that the legalizing act was and is invalid, in so far as the highway in question is concerned, for the reason that it undertakes to take plaintiff's property without compensation, and is unconstitutional for many reasons, which need not at this time be stated.

The evidence shows that Lyon county never undertook to open or to do any work upon the highway in question, and that it practically disregarded the general order establishing highways along all section lines in the county. After the year 1874 the board of supervisors established many highways along section lines in direct disregard of the earlier proceedings. We are satisfied from an examination of the record that no proper notice was given of the proceedings for the establishment of highways along every section line in the county of Lyon, and that plaintiff is entitled to the relief asked, unless it be for the legalizing act to which we have hitherto made reference. But if that be not true, it is apparent that the highway in question, even if legally established, has been abandoned. The county never did anything toward opening the same. It proceeded in utter disregard of the general omnibus order, and undertook to establish highways along section lines, under special proceedings for that purpose, down until the time the legalizing act was passed. The land through which the highway in question is said to pass has been sold many times since 1874, and no one has claimed that there was a highway through or over it until defendant, some time in the year 1902, threatened to open it to public travel. The

1. ESTABLISH-
MENT:
abandonment;
injunction.

land through which it would run has been improved and occupied without reference to a highway, and plaintiff and his grantors have claimed title to the entire property for more than ten years prior to the time defendant threatened to open a highway thereon. This clearly amounted to an abandonment of this particular highway under the general order for its establishment. See *Bradley v. Appanoose County*, 106 Iowa, 105; *Rector v. Christy*, 114 Iowa, 471; *Weber v. Iowa City*, 119 Iowa, 633, and cases cited.

What, then, of the legalizing act? That defects in a notice for the establishment of highways may be cured by a legalizing act of the Legislature may be conceded. But the defect should be cured before abandonment of the proceedings and the establishment of adverse rights. It is doubtful if the Legislature has power to establish a highway, without some provision whereby the owner of land may secure compensation for the property taken for public use. But we need not decide this question, for appellant's counsel make no claim to the road because of its establishment by the Legislature. Their contention is that the defective proceedings of the board in the year 1874 were cured by the act in question, and not that a new highway was established by that act. As to all roads which were opened and used pursuant to the omnibus resolution, doubtless the act of the Legislature cured any invalidity in the proceedings; but, as to abandoned roads, which were never opened pursuant to that order, the legalizing act did not have that effect. This is the distinguishing feature between this case and *Fair v. Buss*, 117 Iowa, 164, relied upon by appellant. The proceedings, in so far as the road in question is concerned, were abandoned, and there was no highway for the Legislature to legalize. A legalizing act relates back to the time of the original proceedings, and cures that which was irregular therein. Had the original proceedings been entirely regular, which is the most that can be claimed by appellant, plaintiff would be entitled to a decree on the sole

2. LEGALIZING ACT: effect.

theory of abandonment; hence, unless we say that the legalizing act amounted to a re-establishment of the highway, plaintiff is entitled to the relief demanded. Appellant does not claim that the act established a new highway, and, even if he did, we doubt if such claim could be sustained.

The decree is right, and it is AFFIRMED.