J. M. WHETSTONE, ET AL., Appellee, v. J. W. HILL, Appellant, and another case.

**Highways:** PRESCRIPTIVE RIGHTS. The evidence in an action to enjoin the obstruction of a highway is reviewed and held, that by long and continued use both plaintiff and the public had acquired a right to use the highway.

*Appeal from Guthrie District Court.*— HON. EDMUND NICHOLS, Judge.

FRIDAY, DECEMBER 15, 1905.

Rehearing denied Thursday, May 24, 1906.

ACTIONS in equity to enjoin the obstruction of a highway. Plaintiff is the owner of a farm in Guthrie county. The alleged highway extends from the northeast corner of such farm north about forty rods, connecting with a main east and west highway. The farm of plaintiff is not otherwise touched by any highway, and hence the way in question affords the only means of egress and ingress open to her. The lands on one side of the way are owned by J. W. Hill, and those on the other side by S. A. Hoyt. Separate actions were commenced by plaintiff against said owners to enjoin threatened obstruction, and, upon being reached for trial, by agreement the same were tried together, resulting in decrees in favor of plaintiff. The defendant in each case appealed, and the appeals have been submitted together in this court.—*Affirmed.*

*J. D. Brown,* for appellants.

*Weeks & Hughes,* for appellee.

BISHOP, J.— The way in question is about twenty feet in width, and until interrupted by defendants had been con-

tinuously open and in use by plaintiff and her grantors, and by other persons having occasion to pass that way, for a period of over twenty years. As originally laid, it was supposed to be entirely on the land of defendant Hoyt, and these were the circumstances: An agreement was made between the grantor of Hoyt and the grantor of plaintiff that the way should be opened on condition that a fence should be maintained by the latter between the way and the lands of the former. A willow hedge was agreed upon for that purpose, and such was set out; also a gate was put in at the north end, where the way joined the east and west highway. Trouble was experienced from the gate being left open, allowing cattle to get into the fields, and about 1883 Hoyt, who had then become owner, requested, and there was built by plaintiff's grantor, a wire fence close to the willows, and this it seems was intended to serve until the willows became sufficiently grown to answer for a fence. After the wire fence was put in, the gate at the north end was abandoned, and from that time on the way connected the east and west highway on the north with the open country east and south of plaintiff's lands, and was open to the public and in general use, and this was known to both Hoyt and Hill. A short time before the commencement of these actions, in 1903, Hoyt and Hill procured their lands to be surveyed, and this resulted in finding the boundary line to be within the limits of the way in question. They then proceeded to fence on the line, and of necessity this resulted in obstructing the way. Hill goes no farther in pleading than to deny the existence of the way. Hoyt admits the agreement for the way, and admits the use thereof. He attempts to justify his obstruction by claiming that plaintiff has not at all times, and does not now, maintain a proper fence between the way and the main body of his land.

The court below held that under the circumstances not only plaintiff, but the public, had acquired a right to the use of the way, and in this conclusion we agree. *Onstott v.*

*Murray,* 22 Iowa, 457; *Johnson v. Board,* 61 Iowa, 87; *Pagels v. Oaks,* 64 Iowa, 202; *Henpsted v. Huffman,* 84 Iowa, 398. The court was not asked to, and therefore had no occasion to, ascertain what rights, if any, defendant Hoyt possessed as against plaintiff in respect of the maintenance of a fence; and manifestly we may not give that question any consideration.

There was no error, and the several decrees will stand *affirmed.*