JOHN HAAN, Appellant, v. J. G. MEESTER, ROAD SUPERVISOR, Appellee.

**Highways:** ESTABLISHMENT BY PRESCRIPTION : EVIDENCE. Use alone
1 is not sufficient to establish a highway, but evidence that the same has been used by the public for a period of years during which time the plaintiff and his grantors have made no objection to its improvement for travel, will support a finding of its existance by prescription and dedication.

**Same:** MODIFICATION OF DECREE. Where the evidence in an action
2 to enjoin the laying out and improvement of a highway establishes its existence by prescription not exceeding two rods in width, a decree fixing its width at four rods may be modified, on appeal, to conform to the proof.

*Appeal from Lyon District Court.*— HON. WM. HUTCHINSON, Judge.

MONDAY, OCTOBER 22, 1906.

REHEARING DENIED, FRIDAY, JANUARY 18, 1907.

SUIT in equity to enjoin defendant, who is road supervisor, from removing a fence and improving and grading a road along the north line of plaintiff's land. The trial

court dismissed the petition, and plaintiff appeals.— *Modified and remanded.*

*E. C. Roach,* for appellant.

*Simon Fisher,* for appellee.

DEEMER, J.— Plaintiff is the owner of the northeast ¼ of section 21, township 100, range 45, in Lyon county, Iowa, and the sole question in the case is: Is there a highway by prescription or otherwise along the north line of this land? This is denied on one side and affirmed upon the other. Defendant says there is such a highway, which plaintiff is obstructing with fences and otherwise, by prescription, by dedication, and through establishment by the board of supervisors of Lyon county, which establishment was afterward legalized by the Legislature in an act known as " Chapter 233, of the acts of the Twenty-Ninth General Assembly." The trial court found that there was a highway on the north side of plaintiff's land two rods wide on either side of the section line.

The appeal presents little save questions of fact, and nothing will be gained from setting out the record in *extenso.* The abstract with its amendment discloses the fol-

1. HIGHWAYS: establishment by prescription: evidence. lowing ultimate facts: Plaintiff acquired title to his land in the year 1897, from one Meester. Meester owned the land from 1892 to 1897, and he acquired title from one Holliday, who owned it from 1884 to 1892. In the year 1874 the board of supervisors of Lyon county by a general omnibus order established highways along practically every section line in Lyon county. This order was of no validity, however (see *Fair v. Buss,* 117 Iowa, 164, and *Hatch v. Barnes,* 124 Iowa, 251), and no road was laid out pursuant to this order along the north side of plaintiff's land. Indeed, there has never been any claim by any of the county officers that a road existed

along the north side of plaintiff's land save as hereinafter indicated. As no road was opened pursuant to the omnibus order, the legalizing act would not in itself establish one. Hatch v. Barnes, *supra*. In the year 1889, W. B. Jones, his father, Andrew Bailey, and the Holliday boys, G. M. Holliday — the father, being then the owner of the land — laid out a race track on the land adjoining that in controversy on the west and "struck out" a road between sections 16 and 21, the road in controversy, for the purpose of reaching that track. Before that there had been a road running east and west through section 21, one-half mile south of the section line. Since that time this road has been traveled as much as any of the neighboring highways. The land was unbroken for some time on either side of this traveled track but when it was broken out, the traveled part of it was left, although it was plowed and cultivated up to the beaten track. While Meester owned the land some work was done upon the road without objection from him. This was twelve years ago. And during the years 1901 and 1902, three or more days' work was done by the road supervisor upon the east end of the road in dispute, by filling a pond, grading up an approach to a north and south highway on the east side of the quarter section, and putting in a tile culvert to drain off the water. Plaintiff knew of this work, and did not object thereto, but gave some directions as to how it should be done. He also helped grade up an approach to the north and south road. Defendant started to do some more work on the road in the year 1903, when plaintiff objected, claiming there was no highway there, and the work was abandoned. After part of the work had been done in the year 1902, plaintiff went to see a lawyer, and was advised that there was no road along the north side of his land. But as no more work was done after that until defendant threatened to commence in the year 1903, he had no occasion to object to further work. Some time in the year 1900 plaintiff went to one of the township officials,

and said to him that if the road was a platted one he wished it worked, and that if it was not platted he did not want any work done upon it. He was informed that the road was not platted, and some of the officials said that they did not work the road because it was not platted. Plaintiff's land was assessed at all times as if there were no highway upon the north line. He was given exemptions for other roads, but not for this. The county authorities never at any time treated the road in question as established by the omnibus order of the year 1874, and they clearly abandoned all highways not opened pursuant to that order. These are all the material facts in the case. Certain it is that there is no legally established highway. If there be one, it is because of prescription, or by reason of a dedication by the owner of the soil. It has been used for more than ten years, and has during that time been traveled as other roads in that vicinity. But use alone is not sufficient to establish a highway by prescription. *Friday v. Henah,* 113 Iowa, 425, and cases cited.

When the road was first laid out Holliday was the owner of the land. It seems to have been laid out originally to reach a race track to the westward of plaintiff's land, and Holliday made no objection thereto; indeed, his boys assisted in laying it out. Work was first done upon the road while Jan Meester owned it, and he made no objection thereto. Work was also done upon it by the township authorities in the year 1901, and again in the year 1902, while plaintiff owned the land, and he made no objection, but apparently assented thereto. He made no objection to the actual work until the year 1903, although he said to some of the township officials that if the road was not platted, he did not want any work done upon it, and when it was found that the road was not platted no work was done during that year. Jones " struck out " the road, as he said, in the year 1889, apparently with the knowledge and consent of Holliday, the then owner, and work was done upon it while Mees-

ter was the owner.   After plaintiff became the owner he knew of the travel upon the road, made no objection thereto at any time until he built his fence in the year 1903, and did nothing to indicate that he had any objection to work being done upon the road until the year 1900.   Even then he had no objection to work being done if the road was platted as such.   He made no objection to work being done until the year 1903; indeed, prior to that he tacitly consented to the work done in draining a pond and fixing an approach to the north and south road.   While plaintiff has cultivated his land for many years he has at no time encroached upon the traveled path.   While the case is very close, we are inclined to agree with the trial court in its finding that there is a highway along the north line of the quarter section by prescription and by dedication to the public.   This conclusion is supported by the following cases: *Hanger v. City of Des Moines,* 109 Iowa, 480; *Duncombe v. Powers,* 75 Iowa, 189; *State v. Birmingham,* 74 Iowa, 407; *Gray v. Hass,* 98 Iowa, 505; *State v. R. R.,* 45 Iowa, 143.

The trial court established a highway four rods wide, two rods on either side of the section line.   This we think was unwarranted by the evidence.   No one claims that any 2. SAME: modifi- such width was ever used by the public, or cation of decree. that there was any such dedication by the owners.   At most, the evidence tends to show a highway by prescription not exceeding two rods in width, or one rod on either side of the section line.   We think the decree should be modified so as to establish a highway one rod in width on either side of the section line; our authority for this modification being *Davis v. City of Clinton,* 58 Iowa, 389.

The decree will be modified to this extent, and the cause remanded for one in harmony with this opinion.   Each party will pay one-half the costs of this appeal.

*Modified and remanded.*