WILLIAM HELLER, Appellee, v. M. F. CAHILL, and SAC COUNTY, IOWA, Appellants.

**Highways:** ABANDONMENT: NONUSER. Where a highway though legally laid out was in fact never opened, worked or otherwise improved, for a large part of its length was impassible, whatever travel there may have been over or near the highway was infrequent and desultory, and the same had been fenced and used for agricultural purposes for seventeen years, there is an abandonment and the highway authorities are estopped from asserting any claim thereto.

*Appeal from Sac District Court.—* HON. Z. A. CHURCH, Judge.

MONDAY, APRIL 13, 1908.

ACTION to enjoin defendant Cahill as road supervisor and the county of Sac from opening a public highway, one

mile in length, in Sac county. The trial court granted the relief prayed, and defendants appeal.— *Affirmed.*

*A. B. Barclay* and *Tait & Jackson,* for appellants.

*Chas. D. Goldsmith,* for appellee.

DEEMER, J.— It is claimed that the highway in question was duly and legally established by the board of supervisors of defendant county in March of the year 1874. Plaintiff contends that the highway was never legally established, and that, if established, it has been lost to the public by abandonment. The claimed defects in the establishment of the highway are as follows: (1) The board of supervisors did not order the road established in conformity with the commissioner's report; (2) a surveyor was found to be necessary to assist the commissioner, and such surveyor never filed either plat or field notes as by statute required. It is also contended by plaintiff that the petition for the highway was without form, and so irregular as not to confer jurisdiction upon the board, in that it was signed by fifty-one petitioners, residents of different sections of the county, and asked for the establishment of the road in question, as well as eighteen others remote from it, and that no notice was ever given by the county auditor to the owners of the lands in controversy. In addition, as we have already said, plaintiff contends that the highway was never opened or worked; that it has been abandoned; and that plaintiff and his grantors have at all times been in possession thereof, have paid taxes thereon, and that plaintiff purchased the land without notice of any claim that there was a highway thereon or thereover. As we view the case it is not necessary to determine the validity or legality of the proceedings for the establishment of the highway in question; for, conceding that it was properly established, the record without dispute shows that it was never opened

to the public, worked, or otherwise improved. Plaintiff's immediate grantor, Brunton, purchased the land in the year 1884, and neither he nor plaintiff had any notice or knowledge, save such as the record disclosed, that there was a highway at the place in question. The Coon river crosses the claimed highway something like thirty-five rods south of the northwest corner of section 29, and there never was any sort of travel over the road, save along a portion of the same south of the river, which led into an east and west highway. For a large part of its length it was impassable and could not be used, and whatever travel there may have been over or near the same either north or south of the river was infrequent and desultory. The road has been fenced up, and the land used for agricultural purposes for more than seventeen years, and plaintiff and his grantors have paid the taxes thereon for all of this time.

As we have said, the road was impassable as laid out, there was no bridge over the stream, and no part of the highway was used, save as open prairie country was driven over in the early days. Under this state of facts the road should be treated as abandoned, or in any event the county and its officials should be estopped from asserting any claim thereto. Our conclusion is fully sustained by the following cases: *Bradley v. Appanoose County*, 106 Iowa, 105; *Orr v. O'Brien*, 77 Iowa, 253; *Hatch v. Barnes*, 124 Iowa, 251; *Rector v. Christy*, 114 Iowa, 471; *Weber v. Iowa City*, 119 Iowa, 633.

The result is that the decree is correct, and it must be, and it is *affirmed*.