F. R. SHULTZ, Appellant, v. CITY OF OSKALOOSA, Appellee.

**ADVERSE POSSESSION:** Slight Encroachment Upon Highway. Encroachment upon a public highway by a landowner in the construction of fences, howsoever long continued, will not furnish basis for an estoppel against the public authorities to claim the full width of the legally established highway, especially when the encroachment was so inconsequential as not to fairly challenge the attention of the public.

*Appeal from Mahaska District Court.*—H. F. WAGNER, Judge.

MAY 2, 1922.

THE opinion sufficiently states the case.—*Affirmed.*

*W. H. Keating* and *O. C. G. Phillips,* for appellant.

*George C. True,* for appellee.

PER CURIAM.—The original petition in this case was entitled as in equity, asking that the boundary line between plaintiff's property and a certain city street be settled and established, and that the city be enjoined from encroaching upon said property. The petition was filed September 21, 1915. Defendant appeared thereto and answered on October 8, 1915, denying plaintiff's complaint. On April 19, 1916, plaintiff amended his petition, alleging that the city had in fact trespassed upon and injured his property to his damage in the sum of $1,000, for which he demanded recovery. In this situation the case seems to have been allowed to slumber until December 20, 1920, when plaintiff again amended his petition, restating his claims for damages to the amount of $1,500. By agreement, trial was had to the court, as in equity. After hearing the evidence, the court found that the allegations of the petition and the amendments had not been sustained, and entered judgment against the plaintiff for costs. The plaintiff appeals.

Though the action was nominally brought as an action in equity, and so tried, the effect of the pleadings as amended, and of the attitude of the parties to the litigation, was to present and submit to the court a purely legal action for the recovery of damages. This situation is recognized by counsel on both sides in their arguments to this court. The brief of the appellant states it clearly, as follows:

"The real question in this case is damages for the injury to the property of the plaintiff by virtue of placing the walk on his land and destroying the value of his lots."

To the same effect, it is said in appellee's brief that:

"The gist of the cause is for damages because of alleged encroachment by the city in the construction of a sidewalk made necessary by the exigencies and uses of the city and its inhabitants."

The final demand of the appellant in argument is that the judgment below be reversed, "and that judgment be rendered

in this court, if it so elect, for the defendant in the sum of $1,000, with costs of action in the lower court and in this court, or that the cause be remanded, with such instructions as this court may deem proper, as requested by plaintiff herein.''

We mention this state of the issues, not as affecting appellant's right to a hearing *de novo*, but to indicate that the questions presented are almost entirely of fact, rather than of the application of the rules and principles which obtain in actions solely cognizable in equity.

The first, and perhaps decisive, question of fact is the true location of the street in Oskaloosa known as Third Avenue, lying immediately west of I Street. Plaintiff's property in question is immediately north of the avenue and west of the street just named. Originally, I Street was the west boundary of the city, but at a more recent date, the area of the city was enlarged, to include considerable additional territory on the west and south. The south boundary of the original city was the line between Sections 13 and 24, and the land of the plaintiff was immediately outside of the corporation on the southwest, and fronting on the same section line. Long prior to this enlargement of the city, a public highway known as the Knoxville road was maintained on this line between Sections 13 and 14 on the north and 23 and 24 on the south. After the extension of the city boundaries, that part of the Knoxville road between Sections 13 and 14 was platted, named, and known as Third Avenue,—at least, such is the contention of the city,—and has since been maintained as a city street. Plaintiff contends, however, that the Knoxville road, as laid, used, and recognized, was 20 feet or more south of the south line of Third Avenue. He further alleges that, before this territory was taken into the city, he had fenced and inclosed his property in accordance with his present claim, and has maintained adverse possession of the property until the city wrongfully began to grade Third Avenue and lay a sidewalk thereon, when for the first time his right thereto was disputed.

We shall not attempt the difficult and confusing task of collating the evidence. It is enough to say that plaintiff offers considerable evidence tending to show that for many years he

has maintained a fence erected by him. It also appears that the city has undertaken to grade Third Avenue and lay a sidewalk thereon. It is also true that, in so doing, the city has attempted to straighten out irregularities in the course of the north boundary of the street, and upon the claim that plaintiff has encroached upon the street, it has taken possession of a narrow strip or border of said inclosure, to a varying width of from 1 to 4 or 5 feet, and graded it down to the general grade of the street. On the other hand, the defendant introduced evidence tending to show that the improvement of the street was not attempted until the street had been surveyed and staked by the engineer; that plaintiff's possession outside of the lines of said street was in no manner disturbed; that the property was not fenced at all on its south side next to the street, and only a wire stretched on the west end; and that, excepting an old box elder and a couple of small locust trees, no trees were destroyed or taken out. The surveyor who testified for plaintiff and the one testifying for the defendant do not agree in all their conclusions. Neither is always clear or definite, and there is enough element of doubt in much of their testimony to incite to caution the court trying the case. In our judgment, the appellant failed to make a case for the recovery of damages. Plaintiff, realizing the difficulty of proving the original lines and boundaries with any degree of real certainty, plants his claim to damages very largely upon the theory that, in any event, he has acquired title by adverse possession. The claim thus made is by no means a new one, and it may perhaps be admitted that the holdings by this court in such cases have not always been quite consistent. It seems, however, to be now fairly well settled that mere lapse of time or long continued possession, without more, will not sustain a plea of adverse possession, as against the state or a municipal corporation. *Tardldson v. Incorporated Town of Lime Springs*, 92 Iowa 187; *City of Waterloo v. Union Mill Co.*, 72 Iowa 437; *Johnson v. City of Shenandoah*, 153 Iowa 493, 500; *McClenehan v. Town of Jesup*, 144 Iowa 352.

It is true that, notwithstanding the immunity of a municipality against a plea of adverse possession, a city or town may

still be estopped or barred to assert its rights by long continued abandonment or by conduct which, in equity and good conscience, forbid it. But we think it must be said that slight variations and irregularities in the line of a highway fence by which an abutting owner encroaches upon the road, thereby enlarging his possession, but not in such marked degree as to challenge the attention of the public authorities, will not sustain a plea of estoppel, no matter how long continued. The landowner is human, and if, in inclosing his property, he crowds his fence over upon the public way, but not to an extent to interfere with public travel, such advantage may often well be passed without protest; but when the time comes that, for purposes of road improvement or for other good reason, the authorities insist that he withdraw his fences to the true boundary of the highway, a claim of title by adverse possession or estoppel will be unavailing. Such we are disposed to say is the position of the plaintiff.

A perusal of the record indicates that the parties have had a fair trial. The court below had the witnesses before him in person, and could form a better estimate of their intelligence, fairness, and veracity than is possible for us to do from a reading of the printed record. The findings of fact and conclusions of law concur with and sustain our views of the merits of the case, and the judgment below is, therefore,—*Affirmed*.