J. P. CLARE, Appellant, v. FRED WOGAN et al., Appellees.

**HIGHWAYS:** Abandonment—''Adverse Possession'' as Element. The term ''adverse possession'' is not employed in decisions relative to the abandonment of public highways in the *technical* sense which such term has acquired as a part of the statute of limitation, but rather in the sense of recognizing those antagonistic acts on the part of a landowner which, if unheeded by the public, will have evidentiary bearing on the issue of abandonment. (See Book of Anno., Vol. I, Sec. 11007, Anno. 70 *et seq.* See, also, Vol. II.)

**HIGHWAYS:** Abandonment—''Nonuser'' as Element. Nonuser of an established public highway is not, in and of itself, sufficient to establish a claimed abandonment of the highway, especially when the nonuser is caused by the failure of the public officers to promptly bridge or grade places otherwise impassable.

**HIGHWAYS:** Abandonment—Inadequate Showing. A duly established highway which constituted a link between other existing highways is not shown to have been abandoned by evidence that, about a year after the establishment, the landowner (who had petitioned for the highway) fenced in the part carved from his other lands and held possession for some 15 years, and that the road had never been used, because the public officers had failed to bridge and grade impassable places thereon.

Headnote 1: 2 C. J. p. 223.   Headnote 2: 29 C. J. p. 534.   Headnote 3: 29 C. J. pp. 534, 539.

Headnote 2: 26 L. R. A. 450; 13 R. C. L. 63.

*Appeal from Palo Alto District Court.*—F. C. DAVIDSON, Judge.

DECEMBER 13, 1927.

This is an action to enjoin the defendants from opening an

alleged road on the north edge of plaintiff's land. From a judgment denying the relief the appeal was taken.—*Affirmed.*

*Kelly & Kelly,* for appellant.

*Nefstead & Carmichael,* for appellees.

KINDIG, J.—Foundation for this proceeding is based upon the theory of abandonment. The highway in question was established in 1910, between Sections 32 and 29, in Emmetsburg Township, Palo Alto County. Plaintiff-appellant's farm consists of 120 acres in Section 32. That real estate was located on the south side of the alleged public thoroughfare for a distance of three quarters of a mile. In width, said way was 66 feet, of which 33 are on each side of the division. On the preliminary petition for this common passage, appellant was a signer, but received no damages; however, another adjacent landowner did obtain $100 for alleged injury to his property, due to the easement thereover.

1. HIGHWAYS: abandonment: "adverse possession" as element.

After the creation of the road by the board of supervisors, it was never opened up, and no work performed thereon in any manner. Crossing this proposed line of travel was a creek, which would require bridging. At another location thereon, a swamp was encountered, necessitating grading, in order to be passable. Neither was done, and no public use ever made of the roadway. These facts are all stipulated. It is further agreed that, about a year later, appellant, "relying on said inactivity and non-use, took possession of said space adjacent to his land, and has ever since used [the same] in conjunction with his farm, as a pasture or agricultural land," and 33 feet thereof at all times since such "possession" was obstructed and fenced by appellant as a part of his field; and that he, during all of said time, has been in "open and notorious possession." Just before the commencement of this suit, on August 22, 1925, the appellees-defendants attempted to begin the public work by placing a culvert on the original line of survey, but on the 80 rods west of appellant's holdings. To prevent this, the injunction was sought.

I. An ancient maxim of the common law is: "Once a

highway, always a highway." 29 Corpus Juris 543. Our court has modified this former principle, to the extent that there may be abandonment. *Lucas v. Payne,* 141 Iowa 592; *Carter v. Barkley,* 137 Iowa 510; *Arthur v. Wright County,* 192 Iowa 683; *Larson v. Fitzgerald,* 87 Iowa 402; *Rector v. Christy,* 114 Iowa 471; *Hatch v. Barnes,* 124 Iowa 251; *Heller v. Cahill,* 138 Iowa 301. *Lucas v. Payne,* supra, contains this language:

"That a highway which has been duly and legally established may be abandoned by the public and its rights therein lost is settled beyond any controversy by our own cases * * *."

II. A determination of this case rests upon a conclusion concerning whether or not the indispensable elements of "abandonment" are present in the record. Earnest contention is made by appellees that mere non-user is not sufficient, but that, in addition, there must be "adverse possession under claim of right or color of title," and that "the public has so acted that it is estopped as against the asserted rights of" appellant Such, they argue, is the previous pronouncement of this court. As against this, appellant urges that "abandonment" is not based upon "adverse possession" under the statute of limitations; and further, he insists that the acquisition of title in the premises as against the public is not inevitably estoppel.

For a solution of this difficult and complicated problem, a criterion is mandatory. Reference is made to the numerous adjudications of this court. Casual study might lead to the belief that confusion at times has crept into the discussions, yet close analysis makes certain that running through the entire subject-matter there is a line of demarcation making plain the guide poles which indicate the course of reasoning and carefully mark the important distinctions. Nevertheless, there is dicta used in specific opinions relating to "adverse possession and estoppel" in a technical sense, while the general consideration was "abandonment." Under these circumstances, it is important to know and keep in mind the principal trend of the court's thought, and by so doing, conflict will not be found.

"Abandonment" is a fact to be proven. Any competent evidence bearing upon that subject is admissible. "Non-user," "adverse possession," and, under certain circumstances, "estoppel," may be weighed in the scale, to decide the ultimate

truth; and this is so even if a single one of the three listed is not enough, in and of itself, to warrant such finding.

"Adverse possession" under the "statute of limitations" cannot be acquired against the public, because it is generally recognized there is freedom from such bar. *Johnson v. City of Shenandoah,* 153 Iowa 493; *Grube v. Wells,* 34 Iowa 148; *Shultz v. City of Oskaloosa,* 193 Iowa 781; *Quinn v. Baage,* 138 Iowa 426.

Equally settled is the proposition that "non-user" alone is not enough to show "abandonment." *McElroy v. Hite,* 154 Iowa 453; *Bradley v. Appanoose County,* 106 Iowa 105; *Grube v. Wells,* supra; *Bidwell v. McCuen,* 183 Iowa 633.

2. HIGHWAYS: abandonment: "non-user" as element.

Distinctively, "estoppel" affords relief because of the equities involved. Were this otherwise, injustice would result on certain occasions because of the attitude of the municipality. *Bradley v. Appanoose County,* supra; *Johnson v. City of Shenandoah,* supra; *Shultz v. City of Oskaloosa,* supra.

Explanation of seeming inconsistencies can, in some instances, be accounted for by calling attention to the difference between the title to a city street and the country "highway." Ownership of the fee in the former instance is in the municipal corporation itself *(Walker v. City of Des Moines,* 161 Iowa 215; *Callahan v. City of Nevada,* 170 Iowa 719); while in the latter, the public has only an easement on the land, and the owner of the real estate is not thereby divested of his title thus incumbered, but holds the same burdened by the right of accommodation. *Dierksen v. Pahl,* 194 Iowa 713; *Kitzman v. Greenhalgh,* 164 Iowa 166.

Fundamentally, then, the only relation between "non-user" and "adverse possession" to the subject-matter of this suit is a fact or circumstance tending to prove or disprove "abandonment." Alone, "non-user" does not meet the need, but when connected with other matters and particulars, may supply the wanted substantiation. With regard to "adverse possession," analysis must be made of its analogous use,—not the "technical." Illustrative of the idea is the point that "the statute of limitations through adverse possession" will not bar the public right to the "road." Conceding this, the statutory provisions defining the "adverseness" need not all be

obeyed; rather, the nature of the "adverseness" is to be such as will warn those concerned of contrary private claim, which, if not heeded, will tend to support the fact that the reason for the lack of public attention thereto is "abandonment." Previous declarations of this court are in harmony herewith. *McCarl v. Clarke County*, 167 Iowa 14, states:

"The question of abandonment of a road involves, not so much the question of time, though after a long time there may arise a presumption. But it involves more the question of intent and acts of the public. Non-user is not enough, unless coupled with affirmative evidence of a clear determination to abandon. * * * Nor will obstructions or encroachments necessarily work an abandonment. * * * Nor does the failure to keep the road in repair necessarily work an abandonment."

Mere inclosure of the field before the "establishment" of the "way" across the same, and continued maintenance of the fence thereafter without change, do not result in "adverse possession" sufficient to show "abandonment." *Wenzel v. Kempmeier*, 53 Iowa 255. Nor will the act of the landowner in placing his hedge or similar barrier partly into the avenue or public passage indicate the "adverseness." *Bidwell v. McCuen*, supra. Although, when originally the space is opened by official mandate, and then intervene sufficient evidential facts and conditions, "abandonment" is presumed, because there is apparent foundation for the private proclamation against the people's right, due to obvious relinquishment thereof. *Davies v. Huebner*, 45 Iowa 574; *Arthur v. Wright County*, supra; *Lucas v. Payne*, supra; *Carter v. Barkley*, supra; *Larson v. Fitzgerald*, supra; *Hatch v. Barnes*, supra; *Heller v. Cahill*, supra; *Rector v. Christy*, supra; *Weber v. City of Iowa City*, 119 Iowa 633; *Orr v. O'Brien*, 77 Iowa 253.

3. HIGHWAYS: abandonment: inadequate showing.

Location of the "highway" in this controversy was on the section line, and it served as the completion of the link connecting the "road" on each side thereof; and therefore an "abandonment" at this place would cause a break in the continuity of the general plan, which ordinarily the public would not do; and "non-user" was not due to public volition, but rather, neglect of officials to "build the bridge and grade the swamp." Failure to keep the road in repair will not necessarily work an "abandonment." *McCarl v. Clarke County*,

supra. "Claim of right" was first asserted when surely it did not exist; for appellant had no reason to believe that, because the improvement was not completed within a year, the public had "abandoned" it. Except for "adverse possession," the "claim" never changed. Statutes of limitation do not run against "the public," as previous discussion discloses; and therefore "adverse possession" is not effective here. Utilization of the general land was not objectionable, on the part of the "owner of the fee," so long as the officials of the county had not exercised their discretion in expending the necessary funds for "building a bridge and putting in the grade." Inclosing the field in the manner and way here revealed did not imply an antagonistic interest (forsooth, none existed) against the public, and thereby preclude it from the original "highway."

Appellant had "petitioned" for this public convenience, and nothing appears in the record to indicate that he had any right to believe that the "establishment" made at his own request had been "abandoned." *Davies v. Huebner,* supra; *Orr v. O'Brien,* supra; *McElroy v. Hite,* supra; *Devoe v. Smeltzer,* 86 Iowa 385; *Bradley v. Appanoose County,* supra; *Johnson v. City of Shenandoah,* supra; *Grube v. Wells,* supra; *Shultz. v. City of Oskaloosa,* supra; *Wenzel v. Kempmeier,* supra; *Quinn v. Baage,* supra; *Bannister v. O'Connor,* 113 Iowa 541; *McCarl v. Clarke County,* supra; *Bidwell v. McCuen,* supra; *Herrick v. Moore,* 185 Iowa 828; *Weber v. City of Iowa City,* supra. Each case contains different controlling facts, and every assertion of "abandonment" must rise or fall on the sustaining proof offered.

Applying that principle, we are constrained to say that appellant has failed to substantiate "abandonment."

The judgment of the district court is affirmed.—*Affirmed.*

EVANS, C. J., and FAVILLE, DE GRAFF, MORLING, and WAGNER, JJ., concur.

STEVENS and ALBERT, JJ., dissent.