## C. L. LUCAS ET AL., Appellants, v. E. C. PAYNE ET AL.

**Highways:** ESTABLISHMENT. Where a petition asked the establishment of a highway commencing at a designated corner and running along the section line for some distance, the establishment of one beginning at a point on the line some distance from the designated corner will not be presumed to be based on the petition.

**Same:** ABANDONMENT: EVIDENCE. A legally established highway may be abandoned, and in the instant case the evidence is held to show abandonment, conceding it had been established.

*Appeal from Boone District Court.*—HON. C. G. LEE,
Judge.

FRIDAY, MARCH 12, 1909.

ACTION in equity to have a strip of ground about a
half mile long and two rods wide declared to be a legally
established highway, and to require the defendants to re-
move fences therefrom. There was a judgment for the
defendants, from which the plaintiffs appeal.—*Affirmed.*

*Ganoe & Ganoe,* for appellants.

*Whitaker & Snell,* for appellees.

SHERWIN, J.—The appellants are heirs of Hiram
Lucas, deceased, and as such are the owners of the north-
east quarter of the northwest quarter of section 10, town-
ship 83, range 26, in Boone County, Iowa. The appellees
are the owners of the land on both sides of the section line
between sections 3 and 10, and 2 and 11. There is a
public highway, known as the "State road," or "Dodge
road," running north and south through the southwest of
the southwest of 2 and the northwest of the northwest of
11, and the strip of land which it is claimed is a highway
extends from this State road west along the section line to
the northeast corner of the Lucas land heretofore described.
The plaintiffs' petition is based upon three grounds: It
is first claimed that the strip of ground in question became
a highway by prescription; second, that it became a high-
way by an agreement made in 1858; third, that it was
legally established as a highway in 1859. There is nothing
in the first two grounds relied upon by the appellants, and
we turn our attention to the claim that a public highway
was established along this line between the points in ques-
tion in 1859.

In November, 1855, a petition was filed for a high-way commencing at the half-mile stake between sections 10 and 3, which would be at the northeast corner of the north-

**1. HIGHWAYS: establishment.** east quarter of the northwest quarter of section 10, and thence running east on the section line to the northeast corner of section 12 in said township. No action seems to have been taken on this petition, the records of Boone County failing to show any further reference to it. On the 1st day of November, 1858, however, there was filed with the county judge of Boone County, Iowa, a consent petition asking the establishment of a county road forty-four feet wide commencing at the southwest corner of section 2 in the same township and range, thence running east along the section line for some distance. It will be noticed that this last petition, asked for a highway to commence half a mile east of the point of commencement named in the petition of 1855. This petition seems to have been lost and was only found a short time before the commencement of this action, as we understand the record. Both of these petitions were signed by Hiram Lucas and T. A. Duckworth, but the petition of 1855 was not signed by John Latham, Lewis Doran, or Solomon McClain, as was the petition filed November 1, 1858. On the 28th of May, 1859, an order was made and entered by the county judge of Boone County, which recited "That, whereas on or about the first Monday of December, 1858, T. A. Duckworth, Hiram Lucas, John Latham, Lewis Doran, Solomon Mc-Clain et al. filed a petition asking the establishment of a county road to commence at the one-half mile stake between sections 3 and 10 in township 83 north, of range 26 west, thence to run east on the section line to. the N. E. corner of section 9 in township 83 N. of range 25 W., and said road to be thirty-three feet wide, and whereas said petition was and has been lost or mislaid so that final action was not had upon it at the time set for the same. . . . It

is therefore ordered . . . said road be and the same is hereby granted." This is the only record showing the establishment of the highway in question, and it is quite evident from the record itself and the petitions to which we have referred that it was an attempt to establish a road on the petition filed November 1, 1858, and, if it be true that the road then established was established on said petition, it is equally as true that it did not establish a highway from the northeast corner of the plaintiffs' land, because the petition asked that the road commence at a point one-half mile east thereof; but if it be conceded that the evidence is sufficient to show the establishment of the highway from the point claimed by the appellants, they are still in no position to claim that the highway existed there at the time this suit was brought. No one claims that the highway had ever been opened up or worked for the use of the public west of the north and south State road to which we have already referred. There is evidence tending to show that one of the appellants expended a part of his road tax in making a way for his own use over a low piece of ground along this line; but it is shown that, at the time he performed this labor, he held a lease of a right of way over the land in question, which lease had been made by Jennings, the owner of the land north thereof. So far as the record shows, the general public had never used this way. There was a fence along the section line or on a line near thereto a part of the distance between the points named in the petition of 1859 at the time it is claimed the road was established. The fence has remained there practically all of the time since then, and the owners on both sides of the section line have occupied and used their land without reference to the highway all of the time from 1859 down to the present time. Until 1901 the appellants' land was unimproved. It was timber land, and the only use made thereof was in connection with the removal of the timber for ordinary use.

In 1901 a house was built on said land, and since that time it has been occupied by some of the appellants. For about thirty years none of the appellants knew that a highway had been established there, or that any attempt had been made to establish one, and since they learned of the record to which we have referred they have used and occupied their property the same as they did before.

That a highway which has been duly and legally established may be abandoned by the public and its rights therein lost is settled beyond any controversy by our own cases, and we are constrained to hold that the record in this case clearly shows that such an abandonment has taken place here, if there ever was a highway established there in fact. *Larsen v. Fitzgerald,* 87 Iowa, 402; *Weber v. Iowa City,* 119 Iowa, 633, and cases therein cited; *Carter v. Barkley,* 137 Iowa, 510.

2. SAME: abandonment: evidence.

The district court reached the right conclusion in this case, and the judgment must be, and it is, *affirmed.*