WILLIAM G. KITZMAN, Plaintiff and Appellant, v. ROBERT GREENHALGH, FLORA M. GREENHALGH, LEWIS SNARE, MARY SNARE, Defendants and Appellees.

**Highways:** FILING OF VILLAGE PLAT: EFFECT. The filing of a plat and dedication of a highway in an unincorporated village creates simply an easement, or right to use the highway for public purposes.   The title to the highway remains in the original owner charged with the easement, and when vacated the unincumbered possession of the same reverts to him.   Thus where two tracts of land were platted, taking four feet from one and fifty-six feet from the other, which was dedicated as a highway, and thereafter the owner conveyed the tract from which the fifty-six feet were taken, and his grantee conveyed by quitclaim all his interest in the lots and streets in the plat, upon vacation of the street the entire beneficial ownership of that part of the street taken from the tract conveyed vested in the owner at the time of its vacation.

*Appeal from Keokuk District Court.*—HON. K. E. WILLCOCK-SON, Judge.

WEDNESDAY, FEBRUARY 18, 1914.

ACTION to quiet title to a certain piece of land in the village of Janetown, which had formerly been used for road

purposes, but which, before the commencement of the action, had been vacated.—*Reversed,*

*Stockman & Baker,* for appellant.

*D. W. Hamilton,* for appellees.

GAYNOR J.—The plat of the original village of Janetown was in the S. E. ¼ of section 33, township 77, range 13. On the 4th day of October, 1882, one Abraham Carl was the owner of the S. W. ¼ of the S. W. ¼ of section 34 in the same township, and on that date duly platted a strip along the west side of the same, and filed said plat in the office of the recorder of Keokuk county, from which plat it appears that the platted ground was divided into four blocks, and those blocks subdivided into lots, with streets running east and west through the platted land, and one street, sixty feet wide, running north and south along the east of the platted ground, known as Fred street. The platted ground included approximately the west ten acres of said forty, and the street known as Fred street included fifty-six feet of the east thirty acres of said tract. The street was sixty feet wide. Therefore four feet of Fred street was taken from the ten acres platted, and fifty-six feet from the thirty acres. Said plat was known as Carl's addition to Janetown. On August 31, 1901, Carl, the original owner of said forty, conveyed the east thirty acres thereof to appellant, Kitzman, by warranty deed, which deed was duly recorded in November, 1901. In September, 1902, Carl quitclaimed to appellee Robert Greenhalgh all his interest in the lots in Carl's addition to Janetown, and also his right, title, and interest in the streets and alleys in said addition to Janetown. Subsequently, and on the 26th day of April, 1904, the defendant Greenhalgh prepared and signed the following instrument, which was duly acknowledged and duly filed for record in the recorder's office of said county, on the 3d day of June, 1904: "Know all men by these pres-

ents, that we the undersigned the owners and proprietors of all of blocks one (1) two (2) and three (3) in Carl's addition to the village of Janetown, Keokuk county, Iowa; the plat of which Carl's addition to Janetown, is on file in the office of the recorder of said county, and recorded in Plat Book 1, page 281, and we do hereby declare all of the streets and alleys going through said blocks except Main street, vacated." Subsequently, and on August 21, 1909, he filed in the office of recorder, the following instrument: "Know all men by these presents that we the undersigned owner and proprietor of all of block four in Carl's addition to the village of Janetown, Keokuk county, Iowa, the plat of which is on file in the office of the recorder of said county, and recorded in Plat Book 1 on page 281, and I do hereby declare all of the streets and alleys surrounding said block and those streets and alleys going through said block, except Main street, vacated." On the 21st day of July, 1909, plaintiff, with others, filed the following petition with the auditor of said county, which petition was duly granted on November 9, 1909: "To the Honorable Board of Supervisors of Keokuk County, State of Iowa: The undersigned ask that a street commencing at the southwest corner of the east thirty (30) acres of the southwest quarter of the southwest quarter of section thirty-four (34), township seventy-seven (77), range thirteen (13) west in Keokuk county, Iowa, and running thence north eighty (80) rods, and comprising the west four rods of the said thirty-acre tract above described, and which said street or highway has been heretofore known as Fred street in Carl's addition to the village of Janetown, be vacated." The controversy in this case involves the right to Fred street. Plaintiff claims title to the entire street under his deed of the east thirty acres, dated August 31, 1901. Defendant claims title to this Fred street under his quitclaim deed dated September, 1902, hereinbefore referred to. The court below entered a degree in favor of the plaintiff, for the east thirty feet of

Fred street, and in favor of the defendant for the west thirty feet. From this decree, the plaintiff appeals.

It is conceded that the village of Janetown is not now, and never has been, incorporated.

Section 638 of the Code provides that municipal corporations, referred to in this title, shall be divided into cities of the first class, cities of the second class, and towns. Town sites, platted and unincorporated, shall be known as villages.

Section 1507 provides: "All public streets of villages are a part of the road; and all road supervisors or persons having charge of the same, in the respective districts or villages, shall work the same as provided by law."

Section 1482 provides: "The board of supervisors has the general supervision of the roads in the county, with power to establish, vacate and change them."

Chapter 13, title 5, of the Code, deals only with cities and towns, and section 917 of this chapter provides that when a plat has been filed, and streets designated therein, the acknowledging and recording of the plat will be equivalent to a deed, in fee simple, to such portion of the premises platted as is set apart for streets, or other public use.

The filing of a plat and dedicating of a highway in a village, not incorporated, does not convey to the village the fee title. The public only acquires, by reason of the plat, an easement, a right to use for public purposes. The fee remains in the original owner, and, when vacated, reverts to the original owner.

In this case Carl deeded the east thirty acres to the plaintiff. This included fifty-six feet of the road known as Fred street. In this road the public had an easement. The title passed subject to that easement. Upon vacation, the easement was removed. The title remained in the grantee. The deed to the defendant of the plat of land, including the streets and alleys, was subsequent to the deed to the plaintiff. It was a quitclaim deed, and passed to the defendant only such rights as Carl had in the land at the time the deed was made.

An easement does not affect title. The title exists subject to the easement. The easement being removed, the title remained, relieved of the easement. Both parties claim through Carl. Carl held the land subject to the easement existing by virtue of the road. When Carl conveyed his title, the conveyance was subject to the easement. It is conceded that the road was vacated. The easement was therefore removed. Each party, under his conveyance from Carl, took his title to the land conveyed, subject to whatever easement existed in the land conveyed. Whatever portion of Fred street was on the land conveyed to plaintiff, there was an easement to that extent. Whatever was conveyed to the defendant was subject also to the easement. Both parties claimed that the road was vacated. Therefore it follows that each party took so much of the land as was conveyed in his deed, relieved of the easement existing in the road. Plaintiff's deed was first in point of time, and conveyed to him the east thirty acres, subject to an easement of fifty-six feet for Fred street. Or, in other words, there was an easement on the land purchased by plaintiff, of fifty-six feet for the road which was removed by the vacation of the road.

It is elementary that where a highway is established across land, the fee remains in the owner. The effect of such establishment is that the public at large obtains the privilege of passing over it, subject to this privilege, however: All rights in the land remain in the original owner. See *City of Dubuque v. Maloney,* 9 Iowa, 451; *Overman v. May,* 35 Iowa, 89; 3 Kent's Commentaries, 432; 10 Am. & Eng. Enc. of Law, 398; *Dickinson County v. Fouse,* 112 Iowa, 21.

It follows therefore that the plaintiff, having purchased the east thirty acres, took the same subject to an easement created by the establishment of the road known as Fred street, and that his title to the land, covered by the easement passed to him from Carl immediately upon the execution of the deed, subject to this easement. The road having been vacated, the easement was removed, and he, therefore, is entitled now to

the possession of so much of the land as was originally covered by the easement.

We think, therefore, the court erred in holding that he was entitled to only thirty feet of the east half of Fred street, but should have entered a decree, in favor of the plaintiff, for the east fifty-six feet of what was formerly known as Fred street. The case is therefore reversed and remanded, with directions to enter a decree in accordance with this opinion.
—*Reversed* and *Remanded*.

LADD, C. J., and DEEMER and WITHROW, JJ., concurring.