ED RICHARDSON, EARL R. RICHARDSON, Substituted Plaintiff, Appellants, v. J. M. DERRY et al., Board of Supervisors, Appellees.

No. 44562.

FEBRUARY 7, 1939.

REHEARING DENIED MAY 5, 1939.

David, Jones & David, for appellants.

John E. Miller and Lundy & Pabst, for appellees.

MILLER, J.—Appellants, as plaintiffs, commenced a suit against appellee, Derry, and appellees, James Morrison, George Nedderman and Ray Rinehart, as members of the board of supervisors of Monroe county, for an injunction to restrain them from removing certain fences and altering a highway on land claimed by appellants.

Appellee. Derry, owned and resided upon the South West Quarter of the South West Quarter of Section 18, Township 73, Range 16, Monroe county, Iowa. Appellants were the owners of certain land lying to the north, which included the North West Quarter of the South West Quarter of said Section 18. A highway extended in an irregular direction through the southern part of said tract of appellants' and, as actually fenced and in use, was entirely upon the tract claimed by appellants, and was at no point immediately adjacent to the 40-acre tract of appellee, Derry. Derry made a demand upon the appellees, who are members of the board of supervisors, to widen the highway its full 66 feet so that it would be adjacent to his land and permit an outlet from the north. The appellee, Belzer, was directed to remove the fence along a certain portion of the south side of the highway and to do certain work incident to the construction of said outlet from Derry's 40-acre tract. Appellants inquired of Belzer concerning such activity, and were advised by him that he was engaged therein at the direction of the board of supervisors. Appellants then commenced this suit for an injunction. A temporary injunction was granted but, on the trial of the case, the temporary injunction was dissolved, and the suit dismissed. Appellants have appealed to this court.

The record shows that the highway in question was established in 1866, and has been open to public travel continuously since that time. The record regarding the direction of the highway, as established in 1866, is incorrectly set out in appellants' abstract. The error is obvious. Appellees have certified the transcript of the record from which it appears that the direction of the highway, as established in 1866, was as follows: "Commencing at the north east corner of the South East Quarter of the South West Quarter of Section 18, Township 73, Range 16, West of the 5th P. M., running thence west 80 rods, thence west 8 degrees north 50 rods, thence west 32 rods, thence north 74 rods."

As the record shows that the South East Quarter of the South West Quarter of said Section 18 contained 40 acres, the distance along its north side would be 80 rods, and the point at which the highway would commence to deviate 8 degrees to the north would be at the northeast corner of the 40-acre tract owned and occupied by appellee, Derry. Accordingly, the northeast corner of the 40-acre tract, owned by appellee, Derry, would

be in the exact center of the highway. The record is silent regarding the width of the highway as established in 1866. Section 820 of the Revision of 1860 provides that county and state highways thereafter established must be 66 feet in width, unless otherwise specially directed. As there is no evidence of any special direction otherwise, appellees contend that it must be presumed that the highway, when established, was established as 66 feet in width. We hold that the contention of appellees in this regard must be sustained.

The point, at which an opening from Derry's 40-acre tract onto the highway was attempted, is shown by the record to have been 213 feet west of the northeast corner of his 40-acre tract. The record is not as clear as it might be regarding the deviation from true west that 8 degrees would make in a distance of 213 feet. However, the record seems to clearly indicate, and such computations as we have been able to make would seem to establish, that the deviation would be slightly less than 30 feet over a distance of 213 feet. Accordingly, if the center of the highway had been established in accordance with the true line, it would have been less than 30 feet from the north boundary of Derry's 40-acre tract at the point where the opening onto the highway was attempted, and, if the highway had been open to the full width of 66 feet, the north boundary of Derry's tract would have been adjacent to the highway at said point.

The record shows that the highway, as actually in use, lay entirely to the north of Derry's 40-acre tract with a strip of ground between Derry's 40 acres and the highway. Appellants claim to be owners of this strip of ground and seek an injunction on the theory that, in establishing an outlet from Derry's 40-acre tract onto the highway, the appellees will trespass upon appellants' property.

The record shows that no attempt has been made to comply with the provisions of section 4562 of the Code and sections immediately following, which provide for the procedure to be followed in the event that one desires to establish, vacate or alter a county road. Appellants contend that since the appellee, board of supervisors, has failed to follow such statutory provisions, the action taken by them and contemplated to be completed by them, is illegal and subject to an injunction.

Appellees contend that they were not required to proceed in accordance with section 4562 of the Code, and sections immed-

iately following, for the reason that the action, taken by appellees and contemplated to be taken by them, does not constitute a trepass upon any property owned by appellants, but merely constitutes lawful action on the part of appellees in opening the highway in question to its full width of 66 feet and establishing it upon a true line.

Appellants seek to meet the position of appellees by contending that the highway was laid out in 1866, was used at a width varying from 25 to 35 feet, has been so in use over 70 years, the fences have been maintained in their present position during that time, appellants and their immediate grantors have been in actual, peaceable, open, notorious and continuous hostile possession of the real estate for over 70 years, and by reason thereof, the general public is now barred and estopped from claiming that the road should be in any other position or place than where the same now is, and that to change the location of the highway from where it now is would work an irreparable injury to appellants. The facts upon which appellants seek to base such contentions seem to be borne out by the record, but the rules of law which appellants seek to apply to such facts are not sustained by our decisions.

We have carefully considered the numerous decisions cited and relied upon by appellants in their brief and argument. None of them appear to be applicable to the situation presented by the record herein. They are in no way controlling here. Some of them involve the situation present where a highway has been established, but not opened to public use. Others concern the situation present after a highway has been established and in use, but later totally abandoned. Others concern the situation present where, through apparent mistake, substantial improvements have been constructed by adjoining owners within the right of way, and the public has acquiesced therein for a period of more than ten years. The situations discussed in the cases, cited by and relied upon by appellants, are in no way analogous to the situation presented by the record herein. The rules applied in such cases are not applicable to the record which appellants present to us.

The authorities which appellees cite and rely upon appear to be in point. The rules established by such decisions have been repeatedly recognized and applied by this court. They appear to have been followed by the trial court and correctly so.

In the case of Quinn v. Baage, 138 Iowa 426, at page 431, 114 N. W. 205, at page 207, we state as follows:

"Though the authorities are in conflict on the question, this court is committed to the doctrine that in establishing and maintaining a highway a municipality exercises governmental functions, and for this reason the statute of limitations does not run against it with respect to encroachment therein."

Again at page 432, 114 N. W., at page 207, we state:

"But where the road has been established and continually used, the mere fact that the fences bordering it are not on the true line and the portion beyond has been occupied by the landowner up to the fence and not made use of by the public will not work an estoppel against the public, but the entire width of the highway may be appropriated by the public whenever required for the purposes of travel. The continued use of the highway rebuts any suggestion of abandonment, and the fact that the entire width has not been appropriated to such use indicates no more than that in the opinion of the then road officers all is not immediately necessary to meet the demands of the traveling public."

And at page 433 of said decision, 114 N. W., at page 207, we state:

. "Manifestly the doctrine of acquiescence can have no application to the fixing of a boundary between the abutting owner and the highway, for no one representing the public is authorized to enter into an agreement upon or to acquiesce in any particular location."

In the case of Webster County v. Wasem Plaster Co., 188 Iowa 1158, 1166, 174 N. W. 583, 586, we state, toward the close of the opinion, as follows:

"The doctrine of acquiescence has no application to public highways. The public is not required to open the highway to its full, established width, until necessity arises therefor. This question was fully discussed and decided in Quinn v. Baage, 138 Iowa 426, 114 N. W. 205, and later re-affirmed in Bidwell v. McCuen, 183 Iowa 633, 166 N. W. 369. See, also, Pine v. Reynolds, 187 Iowa 379, 174 N. W. 257, 6 A. L. R. 1206.

"We reach the conclusion that a highway was established

on the section line, as claimed by plaintiff; that defendants' fences project into said highway, substantially as claimed by plaintiff; and that it not only has the right, but is charged with the duty, of removing the same therefrom.''

In the case of Shultz v. Oskaloosa, 193 Iowa 781, 785, 187 N. W. 867, 869, we state, toward the close of the opinion, as follows:

''The landowner is human, and if, in inclosing his property, he crowds his fence over upon the public way, but not to an extent to interfere with public travel, such advantage may often well be passed without protest; but when the time comes that, for purposes of road improvement or for other good reason, the authorities insist that he withdraw his fences to the true boundary of the highway, a claim of title by adverse possession or estoppel will be unavailing.''

The rules announced by this court in the quotations above set out have been repeatedly announced and applied. Such cases include the following: Kuehl v. Bettendorf, 179 Iowa 1, 161 N. W. 28; Bidwell v. McCuen, 183 Iowa 633, 166 N. W. 369; Pine v. Reynolds, 187 Iowa 379, 174 N. W. 257, 6 A. L. R. 1206; Langle v. Brauch, 193 Iowa 140, 185 N. W. 28.

Under the facts presented by the record herein, and the law applicable thereto, appellants failed to prove sufficient facts to warrant the issuance of an injunction against appellees. The decision of the trial court dismissing appellants' petition was right. It must be and it is affirmed.—Affirmed.

MITCHELL, C. J., and all JUSTICES concur.