POLK COUNTY, appellee, v. CLARENCE D. BROWN et ux., appellants.

No. 52436.

(Reported in 149 N.W.2d 314)

302

MARCH 7, 1967.

Jas. W. Hall and Robert D. Hall, of Des Moines, for appellants.

Ray A. Fenton, County Attorney, and Christopher Becker, Assistant County Attorney, for appellee.

SNELL, J.—This case, wherein Polk County is plaintiff and appellee, and Clarence D. Brown and Bertha Brown are defendants and appellants, presents the question of whether the public's rights in and to a highway easement have been lost by abandonment.

Polk County is a political subdivision of the State of Iowa and has jurisdiction and control of secondary roads in the county.

Defendants are the owners of Lot 5, Dawson Estate, in the Northeast Quarter (NE¼) of the Southeast Quarter (SE¼) of Section 15, Township 78 North, Range 23, West of the 5th P.M., less roads.

We condense from the record and the trial court's findings.

About 90 years ago a road was established from Des Moines running southeast. The part now involved is between Pleasant Hill and Adelphi. It is a county road with rights held by easement. It was known as Vandalia Road. It was used by the public and maintained by the county until 1955.

In 1953 Polk County Board of Supervisors approved a project for improvement and the new road was completed in 1955.

New Vandalia Drive as it is now called eliminated a considerable number of curves. Some portions of Old Vandalia Road, not made a part of New Vandalia Drive, were maintained, other portions were not.

The portion of Old Vandalia Road in controversy extends along the north line of Lot 5, Dawson Estate. It is a curved section of the old road. A new section of the road was built slightly south under an easement through defendants' land. After completion of New Vandalia Drive, Polk County failed to maintain part of the old section.

Old Vandalia Road intersects a north and south county road just south of the north line of Lot 5, Dawson Estate.

Polk County discontinued maintaining Old Vandalia Road west of said intersection, the part now in controversy, but continued to maintain the county road to the south and the portion of Old Vandalia Road east of said intersection.

A country schoolhouse was located on an acre of ground immediately north of and adjacent to that portion of Old Vandalia Road now in controversy. The school was discontinued several years ago.

In the spring of 1964 a Mr. Middleton purchased the acre of ground on which the schoolhouse was located and sometime thereafter commenced building a home. Shortly thereafter Clarence D. Brown, a defendant herein, commenced building a fence on the center line of Old Vandalia Road. On being apprised of this fact the County Board of Supervisors directed the county attorney to take necessary measures to enjoin defendants from completing said fence and to require them to remove it. On defendants' refusal to remove the fence the present injunction proceedings were commenced.

Defendants claim title to Lot 5, Dawson Estate, subject only to easement to county of 1.69 acres of road representing 1.69 acres conveyed to county for New Vandalia Drive. Mr. Brown claims he talked to someone representing Polk County at the time of selling the easement to Polk County for 1.69 acres to be used for New Vandalia Drive and that this person agreed that the portion of Old Vandalia Road would revert to him. There is no other evidence to support this claim. The contract entered into by Polk County and Mr. and Mrs. Brown, and the easement from Browns to the county for New Vandalia Drive, makes no reference to such an agreement. Also Mr. McManus, assistant engineer, who negotiated the deal for the 1.69 acres for the county, testified the county did not intend to vacate said portion of Old Vandalia Road and this never entered into the negotiations.

The 1.69 acres were removed from the tax rolls but the Browns have never paid taxes on the portion of Old Vandalia Road here in controversy.

Testimony of Mr. Glen Voss, Polk County Engineer, and Mr. McManus, Assistant Polk County Engineer, shows that there never was any intention on the part of Polk County to close said portion of Old Vandalia Road. There is no record of any proceedings to vacate.

Mr. Voss and Mr. McManus testified that the old road has not been maintained since New Vandalia Drive was completed in the fall of 1955, because there has been no need for doing so, but as soon as the need therefor arises it will again be maintained and probably widened.

There was testimony as to loss of access by Mr. Middleton if Mr. Brown built his fence.

The old road in its present condition is impassable. It is grown up to weeds, shrubs and sapplings. There are ditches too deep to cross at each end where it joins the new road. Some years ago a car went into one of the ditches and someone then put up a temporary barricade. Defendant has stored some used articles and empty barrels on the old road.

From the evidence the trial court found that there has never been any proceedings to vacate or close Old Vandalia Road and that the road has not been vacated or closed or barricaded by Polk County; that in spite of the failure to maintain the road for a period of about nine years there was no abandonment and that the county intended to keep and to maintain the road when needed.

With these findings we agree.

I. The public's rights, represented by the county herein, to the road rest upon an easement. An easement does not affect title. The title exists subject to the easement. If the easement has been lost the title remains relieved of the easement. Kitzman v. Greenhalgh, 164 Iowa 166, 170, 145 N.W. 505.

In the case at bar defendants own the property subject to the easement.

II. Section 306.4, Code of Iowa, authorizes the establishment, alteration and vacation of highways. The record here shows proceedings for the alteration and improvement of Vandalia Road but there is no record of the vacation of the part involved here.

We have been referred to no authorities and know of none under which an individual official can bind a county to vacate or abandon a road.

Section 319.1, Code of Iowa, directs boards of supervisors to cause obstructions in highways under their jurisdiction to be removed. That is what plaintiff is attempting to do here.

III. It is well settled in Iowa that in addition to the statutory procedure for vacation of a highway the rights under an easement may be lost by abandonment.

Defendants rely on a number of Iowa cases to which we will refer briefly.

In Larson v. Fitzgerald, 87 Iowa 402, 54 N.W. 441, it was held that the public lost its right to part of the road "by permitting it to be fenced up for thirty years."

Carter v. Barkley, 137 Iowa 510, 115 N.W. 21, recognized that abandonment may be established but the case actually involved the right to condemn for access.

Heller v. Cahill, 138 Iowa 301, 115 N.W. 1009, involved a road never opened or worked. Plaintiff had been in possession, paid taxes thereon and had no notice of any claimed highway.

In Lucas v. Payne, 141 Iowa 592, 120 N.W. 59, the road had never been opened, worked or used by the public. The right-of-way was abandoned.

In Arthur v. Wright County, 192 Iowa 683, 185 N.W. 602, the road had never been opened to public travel.

In Clarken v. Lennon, 203 Iowa 359, 212 N.W. 686, the road as built had varied from the surveyor's field notes and the original order. It was held that the authorities may not summarily relocate a road as used for sixty years to the original line.

In Clare v. Wogan, 204 Iowa 1021, 216 N.W. 739, we commented that an ancient maxim of the common law "once a highway, always a highway" had been modified to the extent that there may be abandonment. We also said " 'Abandonment' is a fact to be proven." (Loc. cit. 1023) Nonuser is not enough to show abandonment. (Loc. cit. 1024) "Each case contains different controlling facts, and every assertion of 'abandonment' must rise or fall on the sustaining proof offered." (Loc. cit. 1026) It was held that appellant had failed to substantiate abandonment.

Our controlling pronouncements appear in Sterlane v. Fleming, 236 Iowa 480, 18 N.W.2d 159. The case arose from a railroad crossing accident. The highway at the point in question had been changed from the north side of the railroad to about 95 steps south of the south rail. The old road had turned north and had crossed the railroad tracks. The old road north of the railroad had been officially closed by the board of supervisors and actually closed with a locked gate on the north side of the tracks. Nothing had been done about the part south of the railroad to the new paving. It was a short dead-end stub from the highway across the railroad tracks to a private gate. There had been no maintenance work for about 20 years. It was held that there had been no such clear and satisfactory proof of abandonment as would justify submitting the question to a jury. It was still part of the public highway.

The authorities were reviewed and excerpts therefrom quoted. We quoted from McCarl v. Clarke County, 167 Iowa 14, 20, 21, 148 N.W. 1015, as follows:

██ ██ " 'A road may not be discontinued unless it is vacated, or possibly by abandonment. Abandonment would be a discontinuance in one sense. The question of abandonment of a road involves, not so much the question of time, though after a long time there may arise a presumption. But it involves more the question of intent and acts of the public. Nonuser is not enough, unless coupled with affirmative evidence of a clear determination to abandon. * * * Nor will obstructions or encroachments necessarily work an abandonment. * * * Nor does the failure to keep the road in repair necessarily work an abandonment.' " (Citations) Loc. cit. 483, 484 of 236 Iowa.

██ It is significant that the intent and acts of the public are of major importance. In the case at bar it does not appear that there has ever been an intent to abandon the part of the road in question.

██ IV. It might be argued that the road should be either maintained or vacated. That is a question of policy for the authorities charged with the responsibility for roads. It is not for us to say what roads should be or should not be built.

In the case at bar there has been no vacation or abandonment.

The trial court was right.

The case is—Affirmed.

All JUSTICES concur except THORNTON, J., not sitting.