**ALLAMAKEE COUNTY,**
Iowa, Appellant,

v.

**COLLINS TRUST, Appellee.**

No. 98–193.

Supreme Court of Iowa.

Sept. 9, 1999.

William J. Shafer, County Attorney, for appellant.

James Burns of Miller, Pearson, Gloe, Burns, Beatty & Cowie, P.C., Decorah, for appellee.

Considered by LARSON, P.J., and CARTER, TERNUS, CADY, and HARRIS,* JJ.

CADY, Justice.

Allamakee County appeals from a ruling by the district court in a declaratory judgment action finding it abandoned all but twenty-two feet of its right of way for a county road. We reverse and remand.

## I. Background Facts and Proceedings.

The dispute in this case arose after the owner of land claimed the County abandoned the outer portions of a right of way to a county road passing through the land. The landowner claimed the County abandoned the portion of the right of way not actually used as a roadway.

Collins Trust is a family trust which owns a substantial amount of land along the Mississippi River north of Harper's Ferry in Allamakee County. Most of the land is wooded, with rolling hills and pasture. Railroad tracks separate the eastern boundary of the property from the river. The land has been owned by the Collins' family for generations and is known for its scenic view of the river and the surrounding bluffs. The family uses the land for hunting and hiking, although they occasionally harvest timber.

The road at the center of this dispute runs north and south just west of the railroad tracks and travels through the Collins Trust property for approximately one and one-half miles. It is locally known as "Red Oak Road," but is officially designated as County Road number 224. The road was originally established in 1860, and was relocated to the west side of the railroad tracks in 1884. At the time the road was established, the width of the right of way for county roads was designated by statute to be sixty-six feet. The County later narrowed the right of way of Red Oak Road to fifty feet in one area and

forty feet in another area, although most of the right of way remained sixty-six feet wide.

Red Oak Road has been maintained by Allamakee County over the years at a low level. The portion of the road which passes through the Collins Trust property is approximately twelve feet wide. It generally consists of a dirt base, with small areas of gravel. Much of the land on the sides of the road is generally overgrown with trees, brush, and grassy vegetation. The County has occasionally removed some downed trees in the area, placed rock in low spots on the road, and installed some drainage culverts. It does not plow the road in the winter, although a road maintainer passes over the road from time to time during the other seasons.

A dispute arose between the County and Collins Trust over the ownership of the area of land just west of the road after the Trust constructed a fence and planted walnut trees in a portion of the right of way. The County removed the fence and subsequently filed a petition in equity asking the district court to declare the width of its easement.

Following a trial, the district court determined the County abandoned all but the traveled portion of its easement, but found the right of way should be twenty-two feet to comply with the minimum width requirements for county roads under the current Iowa Code. *See* Iowa Code § 309.39 (1997). In reaching this conclusion, the trial court noted it would be physically impossible for the County to maintain a sixty-six foot roadway over portions of the Collins Trust property. It also found the County only used the twelve-foot traveled portion of the road, and presented no evidence it planned to increase the maintained portion of the road in the future. Additionally, it found Collins Trust wanted to seed the area in dispute with high quality timber and the public interest

---

* Senior judge assigned by order pursuant to Iowa Code section 602.9206 (1999).

would be served by making the land productive.

On appeal the County claims the district court erred by finding it had abandoned all but twenty-two feet of its Red Oak Road easement. It claims the road has been used by the public and maintained by the County for as long as witnesses could recall, and there was no evidence it intended to abandon any portion of the right of way.

## II. Standard of Review.

The pleadings, relief sought, and nature of the case ordinarily determine whether a declaratory judgment action is legal or equitable. *Nelson v. Agro Globe Eng'g, Inc.*, 578 N.W.2d 659, 661 (Iowa 1998). This declaratory judgment action was tried in equity in the district court. Accordingly, our review is de novo. *See Quality Refrigerated Servs. Inc. v. City of Spencer*, 586 N.W.2d 202, 205 (Iowa 1998); Iowa R.App. P. 4.

## III. Abandonment.

We have recognized an established highway or right of way may be abandoned by the public and its rights lost. *Pearson v. City of Guttenberg*, 245 N.W.2d 519, 529 (Iowa 1976); *see also* 2 Byron K. Elliott & William F. Elliott, *The Law of Roads and Streets* § 1174, at 1670 (4th ed.1926). Similarly, rights under an easement may be lost by abandonment. *Polk County v. Brown*, 260 Iowa 301, 306, 149 N.W.2d 314, 316 (1967). There is a presumption, however, that once a highway is shown to exist, it continues to exist, and any abandonment must be proven by clear and satisfactory evidence. *Sterlane v. Fleming*, 236 Iowa 480, 483, 18 N.W.2d 159, 161 (1945); 39 Am.Jur.2d *Highways, Streets, & Bridges* § 158, at 692 (1999).

Abandonment occurs because an owner no longer desires to possess the property. *Sioux City v. Johnson*, 165 N.W.2d 762, 767 (Iowa 1969). In order to prove abandonment, actual acts of relinquishment accompanied by an intention to abandon must be shown. *Town of Marne v. Goeken*, 259 Iowa 1375, 1382, 147 N.W.2d 218, 224 (1966). Nonuse is not enough to establish abandonment, unless coupled with affirmative evidence of a clear determination to abandon. *Sterlane*, 236 Iowa at 484, 18 N.W.2d at 162. Obstructions, encroachments, or the failure to keep a road in repair do not necessarily result in abandonment. *Id.*

We have applied the general principles of abandonment to roads and highways on many prior occasions. *See, e.g., Brown*, 260 Iowa at 305, 149 N.W.2d at 316 (no abandonment of portion of road occurred where road was impassable and road was not maintained); *Sterlane*, 236 Iowa at 484, 18 N.W.2d at 161–62 (abandonment not proven where road had been used and it had never been fenced despite its poor condition); *Clarken v. Lennon*, 203 Iowa 359, 363, 212 N.W. 686, 687–88 (1927) (where road as built varied from the surveyor's filed notes and the original order, site of original road was found abandoned and authorities could not summarily relocate a road as used for sixty years to the original line); *Clare v. Wogan*, 204 Iowa 1021, 1025–26, 216 N.W. 739, 741 (1927) (abandonment not proven where no work had been performed on roadway and portion of road was fenced in by landowner); *Arthur v. Wright County*, 192 Iowa 683, 686–87, 185 N.W. 602, 603 (1921) (portion of highway held abandoned where authorities failed to open or use highway, it was impassable to public travel, and was fenced); *Lucas v. Payne*, 141 Iowa 592, 596, 120 N.W. 59, 60–61 (1909) (where road had never been opened, worked, or used by the public, right of way was held abandoned); *Heller v. Cahill*, 138 Iowa 301, 303, 115 N.W. 1009, 1009 (1908) (where road was never opened, worked, or used, road was found abandoned); *Carter v. Barkley*, 137 Iowa 510, 513, 115 N.W. 21, 22 (1908) (abandonment established in right to condemn for access case); *Larson v. Fitzgerald*, 87 Iowa 402, 409, 54 N.W. 441, 443 (1892) (part of road held abandoned where portion of road was fenced up

for thirty years, it had not been worked as a highway, and the public did not need its use); *Rasmussen v. Yentes*, 522 N.W.2d 844, 848 (Iowa App.1994) (no intent to abandon roadway by mere failure to use). In each case, however, the right of way was not being used as a road, and we looked to consider whether the nonuse of the right of way as a road was accompanied by other evidence of abandonment.

 In this case we are faced with a property owner who claims the County abandoned the peripheral portion of the right of way without abandoning the traveled portion. There is no claim the traveled portion of the road is not used.

A majority of courts have held abandonment will not be implied from the mere nonuse of a portion of the width of the road.[1] *See, e.g., Board of County Comm'rs v. Wilcox*, 35 Colo.App. 215, 533 P.2d 50, 52 (1975); *Rich v. Burdick*, 83 Idaho 335, 362 P.2d 1088, 1094 (1961); *Robert E. Ratliff Co. v. Mississippi State Highway Comm'n*, 400 So.2d 1211, 1214 (Miss.1981); *Osburn v. Supreme Express & Transfer Co.*, 590 S.W.2d 360, 369 (Mo.Ct.App.1979); *Flacke v. Strack*, 98 A.D.2d 881, 470 N.Y.S.2d 863, 865 (N.Y.App.Div.1983); *City of Salisbury v. M.C. Barnhardt*, 249 N.C. 549, 107 S.E.2d 297, 301 (1959); *see also* 39 Am.Jur.2d *Highways, Streets, & Bridges* § 176, at 707. In fact, we have recognized the continued use of a roadway "rebuts any suggestion of abandonment," and even though "the entire width has not been appropriated [for use as a roadway, this] indicates no more than that in the opinion of the then road officers all is not immediately necessary to meet the demands of the traveling public." *Richardson v. Derry*, 226 Iowa 178, 182, 284 N.W. 82, 85 (1939) (holding where road has been established and used, entire width of highway may be appropriated despite fences bordering highway) (quoting *Quinn v. Baage*, 138 Iowa 426, 433, 114 N.W. 205,

207 (1907)); *see also McElroy v. Hite*, 154 Iowa 453, 455, 135 N.W. 20, 20–21 (1912) (highway is not abandoned because it is not used at all times for its full length or because of slight variations in the road lay out); *Quinn*, 138 Iowa at 434, 114 N.W. at 208 (same). *But cf. Davies v. Huebner*, 45 Iowa 574, 578–79 (1877) (where highway was not used for thirty years, and part of the width had been fenced, public was estopped from claiming enclosed portion of the road).

On our review of the evidence, we find no affirmative evidence of intent to abandon the easement running along the outside of the traveled portion of Red Oak Road. The width of the right of way for a road serves several purposes, and not all necessarily involve use of the entire land. *See Quinn*, 138 Iowa at 434, 114 N.W. at 208. The width of the right of way in excess of the road itself permits expansion of the road in the future if the need arises. *Id.* While expansion of Red Oak Road is not currently necessary, it may arise in the future. *See Schaller v. State*, 537 N.W.2d 738, 742 (Iowa 1995) (recognizing a road easement permits improvements which make travel safer and more convenient, and allows the road to be used for parking). Until the County has voluntarily relinquished its interest in the unused portion of the easement and clearly shown an intent to abandon all of its purposes, no abandonment can exist.

 We recognize the Trust desires to make the land productive. However, abandonment develops because the owner no longer desires to possess the property, and does not depend upon any superior claim or interest in the land. *See Pearson*, 245 N.W.2d at 529. Although the principles of abandonment enable property to be utilized and become productive, the holder of the easement must first voluntarily relinquish all right and interest with an intent to terminate ownership before that

1. For cases addressing the related issues of estoppel and adverse possession, *see* James L. Isham, Annotation, *Private Improvement of Land Dedicated But Not Used as Street Estopping Public Rights*, 36 A.L.R.4th 625 (1985); Annotation, 6 A.L.R. 1206 (1920).

purpose can be served. It is the actions and intent of the holder of the easement, not the claimant, that determines whether abandonment has occurred.

We reverse the district court's decision finding the County abandoned all but twenty-two feet of Red Oak Road and remand the case to the district court for entry of judgment declaring the County to be the owner of the right of way. Costs are assessed to Collins Trust.

**REVERSED AND REMANDED.**