# IN THE COURT OF APPEALS OF IOWA

No. 17-1761
Filed December 5, 2018

**DOUG JASTER and ELIZABETH JASTER,**
        Plaintiffs-Appellees,

**vs.**

**CITY OF GARBER,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Clayton County, John J. Bauercamper, Judge.

The City of Garber seeks reversal of the district court decision granting ownership rights over three adjoining sections of disputed property to Doug and Elizabeth Jaster. **AFFIRMED.**

James A. Garrett of James A. Garrett Law Office, Waukon, for appellant.

Daniel J. McClean of McClean & Heavens Law Offices, Dyersville, and Eashaan Vajpeyi and Max E. Kirk of Ball, Kirk & Holm, PC, Waterloo, for appellees.

Heard by Tabor, P.J., and Mullins and Bower, JJ.

**BOWER, Judge.**

The City of Garber seeks reversal of the district court decision granting ownership rights over three adjoining sections of disputed property to Doug and Elizabeth Jaster. We find the Jasters have presented clear and convincing evidence the City was equitably estopped from asserting a claim on the property. We affirm the district court.

## I.    Background Facts & Proceedings

In 1873, the City of East Elkport was platted in Clayton County. The plat included a "Fifth Street" on the west border of the city. A portion of the plat was vacated by the district court in 1901, including the majority—but not all—of Fifth Street. The City was incorporated in 1904 and renamed the City of Garber.[1] The City's current population is under one hundred residents. The property in dispute is the original platted Fifth Street. Fifth Street has never been used as a city street, and has not been graded, drained, surfaced, or maintained by the City. An alley runs along the east side of Fifth Street, separated from Fifth Street by trees and a fence.

In 1959, the Kolz family purchased property on the west edge of the City. The Kolzes' address was 501 Fifth Street, and was the only property with a Fifth Street address. The property was thought to include and treated as including all the land up to the west edge of the alley, including Fifth Street. The Kolz family accessed their property through a driveway at the end of the alley. The Kolzes grew a garden over part of the disputed property, used the property in placing their

---

[1]    The incorporation documents did not include any plat of the City; rather, the incorporation plat only contained the borders of the incorporated area.

septic system, and planted several dozen trees on the southern end. For many years the Kolz family openly used part of Fifth Street as farm land with the City's knowledge. The Kolzes registered the land with the Farm Service Agency to grow native wildflowers, possibly as part of the Conservation Reserve Program, and the Jasters maintain the certification.

In 2012, the Jasters purchased the Kolzes' property. When purchasing the property, the seller's description of the property included the land in dispute. After closing, the bank discovered the legal description conflicted with the county plat so the Jasters requested a quit claim deed from the City for Fifth Street. The City refused and instead claimed ownership of the street. The Jasters moved their driveway to a different street and erected fence posts where the driveway had been to stop persons from driving through their property.

Prior to this action, long-time city residents including the Kolz family and members of the city council did not know a platted Fifth Street existed. The only use of Fifth Street by vehicles was the Kolzes' driveway at the end of the alley.

In 2016, the City had a survey done, and the resulting plat shows none of the streets west of Third Street are located in accordance with the 1873 plat. The 2016 plat and current city layout does match the 1919 plat of the "West View Addition," which replatted the other land vacated in the 1901 order; the plat relocated Fourth Street, laid out lots on either side of Third and Fourth Streets, and created a new east-west street, but omitted Fifth Street entirely. The record does not include any plats of the City following its incorporation that include Fifth Street.

The City had no plans for the property to be developed but claimed ownership was needed for fire protection, EMS calls, and utility access. At one

point, Clayton County had tried to have the City install a city water or sewer system, but the plans were halted following major flooding in 2004 and have not been pursued since. Except for a single year after the beginning of this action, the City has never made any effort to maintain or take care of any portion of Fifth Street.[2] The area between Fourth and Fifth Streets is only one lot deep, with the lots in between fronting on Fourth Street. Since the Jasters moved their driveway no property fronts Fifth Street.

On April 28, 2016, the Jasters filed suit to resolve the dispute over ownership of the property once platted as Fifth Street. The Jasters stated the City had recognized the disputed land as part of the Jasters' property for more than ten consecutive years. The City counterclaimed for quiet title for ownership of Fifth Street. The court held a bench trial on April 19 and 20, 2017.

On August 18, the court ruled in favor of the Jasters. The court considered the doctrines of acquiescence, adverse possession, and equitable estoppel. The court found the Jasters proved an equitable estoppel claim by clear and convincing evidence. The City filed a motion to enlarge and amend on the findings relating to the doctrine of equitable estoppel, which the court denied following an unreported hearing. The City appeals.

## II. Standard of Review

"An action to quiet title in land is in equity and, thus, this court's review is de novo." *Fencl v. City of Harpers Ferry*, 620 N.W.2d 808, 811 (Iowa 2000). "Although we give weight to the trial court's fact findings, neither the court's findings

---

[2] The City's maintenance effort consisted of an employee mowing Fifth Street, which had been covered in tall prairie grasses.

of fact nor its conclusions of law are binding." *Stecklein v. City of Cascade*, 693 N.W.2d 335, 336 (Iowa 2005).

### III.    Merits

In the context of property disputes, a claim of equitable estoppel requires proof of three elements. *Fencl*, 620 N.W.2d at 816. First, the claimant must prove conduct by the City indicating abandonment of its interest. *Id.* Second, the claimant must prove a claim of ownership through adverse possession. *Id.* at 818. Third, the court must find the City's assertion of its ownership interest would unfairly damage the claimant. *Id.*

**A.    Abandonment.** "A threshold requirement for [abandonment] is proof that the city has not used the property for more than ten years." *Id.* at 816. That threshold has been met here. The land once platted as Fifth Street has been used as cropland, a garden, an arborvitae, and as a driveway for the adjoining property's owners, but has never been used for any City purpose.

This element also requires "affirmative evidence of a clear determination to abandon." *Allamakee Cty. v. Collins Tr.*, 599 N.W.2d 448, 452 (Iowa 1999). "[A]n intent to abandon must be proven by clear and satisfactory evidence." *City of Marquette v. Gaede*, 672 N.W.2d 829, 834 (Iowa 2003). "[T]he failure of a small town to improve a street 'before public convenience requires it, will not amount to either an abandonment or an estoppel.'" *Stecklein*, 693 N.W.2d at 345 (quoting *Keuhl v. Town of Bettendorf*, 161 N.W. 28, 31 (Iowa 1917)).

Since its incorporation, the City has made no claim to the land. In 1901, the court vacated a portion of the 1873 East Elkport plat, including the streets adjacent to the vacated blocks. Upon its incorporation in 1904 as the City of Garber, the

City did not submit the 1873 plat laying out streets and lots. Following incorporation, the City made no attempt to claim or replat Fifth Street prior to the Jasters' request for a quit claim deed. While incorporation may have acted as acceptance of the 1873 plat, such acceptance could only extend to the portion not vacated. *See Stecklein*, 693 N.W.2d at 339; *Town of Kenwood Park v. Leonard*, 158 N.W. 655, 658 (Iowa 1916). In 1919, the City platted an addition of the land vacated in 1901 but did not include Fifth Street at all. Instead, the new plat eliminated the prior access points to the platted Fifth Street, limiting potential access to a single intersecting street. We find the City's elimination of Fifth Street from new plats, its limitation of access to the purported street, its failure to take any affirmative action to assert its rights or recognize and claim Fifth Street as city property at any time between its incorporation and this action constitutes an abandonment of Fifth Street.

**B.  Adverse Possession.**  For this element, the claimant "must prove his 'actual and notorious possession of the land . . . as private property under a claim of right.'" *Fencl*, 620 N.W.2d at 818 (quoting *Kelroy v. City of Clear Lake*, 5 N.W.2d 12, 17 (Iowa 1942)). Claimants must have held, managed, and cared for the property as they would other property of like nature and condition. *Pearson v. City of Guttenberg*, 245 N.W.2d 519, 530 (Iowa 1976). The possession must be for more than ten years, and the claimant must act in good faith. *Fencl*, 620 N.W.2d at 818. Possession under claim of right suffices to meet the element, claim of title is not required. *Id.*

The Jasters and the prior owners together have nearly sixty years of possession of the land, during most of which the disputed property was openly

used as part of the adjoining field for crops and then conservation land, as an arborvitae, a garden, and as a driveway. The prior owners also improved their property by installing pipes to reach a leach field, both of which are partially located in the disputed property. The land was held, managed, and cared for in the same manner as the adjoining property. The person selling to the Jasters described the property line as running up to the alley and a stand of trees, inclusive of all the land disputed. Upon discovering the error, the Jasters promptly and in good faith began taking steps seeking to acquire title to the land. We find the elements of adverse possession have been met in this case.

**C.     Unfair Damage.** The final element of equitable estoppel considers whether the Jasters will be unjustly injured by recognition of the City's ownership of the vacated and intersection portions of Fifth Street. *See id.* The Jasters purchased their property believing in good faith based on express representations by the seller the land once platted as Fifth Street was included in the purchase. The discrepancy in the legal description was not discovered until after the sale had closed. To require the Jasters—who purchased the property in good faith for valuable consideration and without notice of the City's claim to the disputed property—to give up their right to the property would be inequitable and cause unfair damage to the Jasters. *See id.*

In summary, the City has not used this property for more than one hundred years. Long time city residents and members of the city council did not know the street existed. Much of the disputed land was vacated prior to incorporation of the City, and the City has never claimed a right to any of the disputed property prior to this suit. The owners have treated the land once platted as Fifth Street as part of

the adjoining parcel for over fifty years.  The Jasters in good faith believed the disputed property was included in the property they purchased and would suffer unfair harm if they were now deprived of the property.  Accordingly, we affirm the trial court's order of equitable estoppel granting title to the Jasters for the property once platted as Fifth Street.

**AFFIRMED.**